HENRY KREMLING, PLAINTIFF IN ERROR, V. ANNIE LALLMAN, DEFENDANT IN ERROR.

1. **Bastardy.** A proceeding under the provisions of chap. 37, C. S., entitled "Illegitimate Children," by a mother against the father of a bastard child, is in the nature of a civil proceeding to enforce the performance of a civil and moral obligation. *Cottrell v. The State*, 9 Neb., 125.

2. ———: TRIAL. Upon the trial of such a case neither party is entitled to more than three peremptory challenges.

3. ———: MARRIAGE OF PARTIES. In such case the intermarriage of the parties will always be encouraged as a means of terminating litigation and rendering some measure of justice to the innocent offspring, but it can not be enforced nor made a condition of its support.

ERROR to the district court for Washington county. Tried below before NEVILLE, J.

*Osborn & Farnsworth,* for plaintiff in error, cited: *Hull v. State*, 2 N. W. R., 175. *Zweifel v. State*, 27 Wis., 399. *Cottrell v. State*, 9 Neb., 125.

*W. J. Connell* and *Ballard & Walton,* for defendant in error, cited: *Jones v. State*, 14 Neb., 210. *State v. Nichols*, 13 N. W. R., 153. *State v. McGlothlen*, 9 Id., 883. *Ex parte Cottrell*, 13 Neb., 193.

COBB, CH. J.

This was a complaint, trial, and conviction under the provisions of chapter 37 of the Compiled Statutes, entitled "Illegitimate Children." The defendant brings the cause to this court on error, and assigns five grounds of error, which will be stated and disposed of in their order.

1. The court erred in refusing to allow the plaintiff in error peremptory challenges of jurors as provided by law in criminal cases.

The case of *Cottrell v. The State,* 9 Neb., 125, was originally prosecuted in the name of the state. This fact, which the defendant therein assumed to characterize the case as a criminal one, was presented to this court as a ground of error. In disposing of the point thus presented, the court in the opinion, after citing the Ohio cases say : " It will be seen that a very large proportion of the reported cases have not been prosecuted in the name of the state. And being essentially a civil action, the better course is to conduct the prosecution in the name of the real party in interest. But in such case the state is a mere trustee, and the real party in interest obtains the benefit of the judgment ; the object of the action being merely to enforce the discharge of a civil and moral obligation, that of support, by a father of his own child." And again, " The statute does not aim to punish the putative father, but merely requires him to perform the duty required of every man who becomes the father of a child—to provide for its support." We adhere to this opinion, which we had hoped had settled the law in this state in regard to this class of actions on the same basis as it has long been settled in Ohio.

There is much force in the position taken by counsel for plaintiff in error in respect to the similarity of the imprisonment, often resorted to in this class of cases for the purpose of enforcing a compliance with the order of the court, to punishment for crime. But it must not be forgotten that a punishment often follows the unwise indulgence of the passions scarcely distinguishable from that inflicted for crime.

2. The court erred in permitting counsel for the prosecution to compel the plaintiff in error to answer that sexual intercourse had taken place at a time not named in the complaint or near enough to said date to fix the paternity of the child upon the plaintiff in error, etc.

On this point it will be sufficient to say, that the cross-examination covered precisely the same period of time as

that covered by the examination in chief.    His own counsel put to him the question, "State if you had anything to do with this woman in the months of June, July, August, September, October, or up to the first of November?" This question he answered, and upon the strictest rules was subject to cross-examination to the same extent, and it was not exceeded.

3. The court erred in refusing to set aside the verdict of the jury as not being sustained by sufficient evidence and being contrary to the law and the evidence.

A thorough examination of the testimony leads me, and no doubt led the jury, to reject all of the collateral testimony as amounting to nothing, and to look only to the testimony of the plaintiff and defendant.    And looking at their testimony alone I do not think there can be the least doubt of the paternity of the child.    The mother swears to it positively, the jury had the right to believe her, and they evidently did believe her.    So that between her and the defendant, the most that could be said is that there is a conflict of evidence, and a court of review will never be asked to reverse a judgment merely because of a conflict of evidence.    But I do not think that any candid man who reads the testimony can retain a doubt of the justice of the verdict.

·5.    The court erred in not vacating the judgment, order or sentence, or in not setting aside the judgment or order and granting a new trial upon the supplemental motion and offer, and affidavits and exhibits in support thereof.

It appears that after the rendition of the judgment in the court below, and after the overruling of the motion for a new trial, defendant presented and filed a motion to vacate or modify the judgment.

This motion was based upon a copy of the petition in a certain action commenced and then pending in the district court of Washington county, wherein the said Annie Lallman was plaintiff, and the said Henry Kremling was de-

fendant, and certain affidavits of said defendant and his counsel, together with a copy of a written proposition from Henry Kremling, Sr., to take, raise, and provide for the said child. The defendant in his affidavit states that since the rendition of the final judgment in the said case he had made an unconditional offer to the said plaintiff to marry her, etc.

The only one of these papers which can be deemed worthy of much consideration is the affidavit of defendant setting out his offer to marry the mother of his child. This offer, if made in good faith, and not under circumstances of indignity that rendered it impossible for her to accept it, being the only adequate reparation in his power to make her for the injury inflicted, was creditable for him to make, and if accepted by her would have appealed loudly to the discretion of the court to accept it as a settlement of the whole matter. But while I as an individual member of the court would have justified the court if in such case he had set aside the judgment upon the intermarriage of the parties, yet to do so he would have to act without statutory authority. And certainly the court possessed no power to compel the plaintiff to accept of this eleventh hour offer of justice.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.