JOHN CURRAN, PLAINTIFF IN ERROR, v. ELDRED PERCIVAL ET AL., DEFENDANTS IN ERROR.

1. **Trial:** JURORS: CHALLENGES. Where objections are made to certain jurors, and the record fails to show that the party exhausted his peremptory challenges, the objection will be unavailing in the supreme court.

2. **Witnesses:** CROSS-EXAMINATION. A witness cannot be cross-examined as to an independent collateral matter in no way connected with the subject of the action, in order to show contradictory statements made by him, for the purpose of impeaching his credibility.

3. **Liquors:** SALE: EVIDENCE. The sale of intoxicating liquor in a saloon may be proved by circumstantial evidence, and where the circumstances establish such sale the jury will be justified in disregarding the positive assertion of the bar-tender that the liquor sold by him was not intoxicating.

4. ———: ———: PRESUMPTION. An instruction that "If you shall find from the evidence that the deceased went into the saloon of the defendant, and that the business of the defendant was to sell intoxicating drinks, and that deceased was sober when he went into the saloon, and that he came out of the saloon intoxicated, these facts raise a presumption that such person obtained intoxicating liquor in such saloon, but such presumption may be overcome by the proofs and circumstances; and if you shall find from the evidence that deceased did not procure liquor from the defendant that caused him to be intoxicated, or that contributed thereto, you should find for the defendant," *Held*, Not erroneous.

5. ———: ———: INSTRUCTIONS. Instructions referred to in the opinion *Held*, Properly refused.

6. ———: ———: DAMAGES. *Held,* Excessive, and leave given to remit $500 from the judgment within thirty days.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*Ragan, McDonald & Shallenberger (Marquett, Deweese & Hall* with them), for plaintiffs in error.

*Dilworth, Smith & Dilworth,* for defendants in error.

MAXWELL, CH. J.

This action was brought by the defendant in error, in behalf of herself and four minor children, against John Curran, the plaintiff in error, who was a duly licensed saloon keeper in the city of Sutton, county of Clay, for selling her husband intoxicating liquor, which contributed to cause his death by freezing, February 6th, 1883.

The complaint alleges that the defendant kept a licensed saloon in the village of Sutton, etc., on February 6, 1883. That the plaintiffs were the wife and children of one Mark Percival. That on the 6th day of February, 1883, the defendant sold and furnished to said Mark Percival intoxicating liquors, and thereby caused said Mark Percival to become intoxicated so that in attempting to go from the saloon of said defendant to his home, he became helplessly drunken and overpowered by the effect of the liquors so sold to him, and falling in a state of intoxication perished and died.

That the plaintiffs were all dependent on the said Mark Percival for support. That it amounted to $300 yearly, whereupon they ask judgment for $5,000 against the defendant.

The answer was a general denial.

On the trial of the cause the jury returned a verdict in favor of the plaintiffs below for $2,500, upon which judg-

ment was rendered. The defendant below brings the cause into this court on petition in error. There are fifty-two assignments of error, most of which are unimportant and need not be noticed. Only the errors relied upon in the brief of the plaintiff in error will be considered.

The first objection urged is as to the qualification of certain jurors. From an early period in the history of this state, the practice has been in the district courts to allow each party to challenge peremptorily a certain number of persons called as jurors. The object is to enable either party to exclude from the jury such persons called thereon whom they may regard as unfriendly to them, or unfit from any cause to sit in the case. In this case the jurors objected to were not peremptorily challenged, the plaintiff in error not having exercised any of his peremptory challenges, and therefore the objection to the competency of such jurors was waived. *Palmer v. People*, 4 Neb., 68. *Burnett v. B. & M. R. R. Co.*, 16 Neb., 332. *Kremling v. Lallman*, 16 Neb., 280. There was no error, therefore, in the impaneling of the jury.

*Second.* Errors in the admission of testimony. The testimony tends to show that on the 6th day of February, 1883, one Mark Percival, the husband of Eldred Percival and father of the minor children, plaintiffs below, defendants in error, went into the saloon of the plaintiff in error, John Curran, in the city of Sutton; that at that time he was sober. There is a contradiction in the testimony as to the time he remained in the saloon, but none of the witnesses fixed it less than half an hour. There is considerable testimony tending to show that when he came out of the saloon he was intoxicated. As testified to by one of the witnesses: " I observed he was so drunk he could hardly walk." The testimony shows that he drank twice at the bar of the saloon. Mr. Clyde, the bar-tender, testifies that the only drink he furnished him was soda pop, and that he was not in the habit of giving him anything strong.

That Percival went into the saloon sober is clearly established, and that after "remaining there some time he came out drunk was· also proved; the jury, therefore, were not compelled to believe Mr. Clyde that the liquor he furnished to Percival was not intoxicating.

In *McDougall v. Giacomini*, 13 Neb., 435, it is said: "Suppose it is shown that a place is a licensed saloon, and that persons go in there sober and come out under the influence of liquor. These facts raise a presumption that such persons obtained intoxicating liquor in the saloon. *Com. v. Van Stone*, 97 Mass., 548. *Com. v. Kennedy*, Id., 224. The business of a saloon-keeper is to sell intoxicating drinks by the glass. If, therefore, the proof shows that he has sold or furnished liquor at his place of busness, the presumption would seem to be that such liquor was such as his business required him to keep and furnish to his customers —intoxicating liquors. The fact of intoxicating liquor being furnished by a saloon-keeper may be proved like any other fact.

Suppose a murder was committed in a saloon and no one present to witness the deed, could the murderer not therefore be proved guilty because these was no direct evidence that he committed the crime? In such case, when the fact of murder was proved, all the facts and circumstances which tended to show that the person accused committed the crime would be competent evidence, and if this proof reached that degree of certainty required by the criminal law, would justify the conviction and execution of the accused, although no one had seen him commit the offense. If such testimony is sufficient to authorize a conviction for offenses where the punishment involves the life or liberty of the accused, and where the proof must establish the guilt beyond a reasonable doubt, the same kind of proof certainly is sufficient to establish the sale of intoxicating liquors, where the punishment is merely pecuniary compensation, and the degree of proof required merely a prepond-

erance of the evidence." In determining whether or not intoxicating liquor was sold to a certain individual by a saloon-keeper, the jury may base their verdict entirely upon circumstances, and they are not compelled to believe the positive assertion of the bar-tender or saloon-keeper that he furnished no liquor to the person named, or only such as would not intoxicate, against the evident fact that intoxicating liquor has been furnished to such person. The testimony tends to show that Percival left the saloon in question between five and six o'clock in the afternoon of the 6th day of February, 1883, and started to return to his home between three and four miles from Sutton; that he was so much intoxicated that he fell down a number of times and seems to have walked with difficulty. There was some snow on the ground, and the night of the 6th was very cold. Percival seems to have lost his way, and was found about a mile from his own home on the morning of the 7th frozen to death. There was found on his person a bottle partly filled with alcohol. The cause of death is clearly shown to have been from freezing while intoxicated. It is claimed on behalf of the plaintiff in error that the stupefaction was caused by the alcohol drank by Percival, and that he (Curran) had no alcohol in his saloon. The bar-tender, Clyde, swears positively that there was no alcohol in the saloon, and that he furnished none to Percival. There is some proof also tending to show that Percival was in a drug store in Sutton, and we are asked to infer that he procured the alcohol in question in the drug store. These facts were proper to submit to the jury in determining the liability of the plaintiff in error.

On the cross-examination of Clyde he was asked the following questions:

" Q. You have been on the stand before Justice Randall, of School Creek precinct, in the case where Conn, of Crete, was arrested for treating while you were a bar-keeper in this establishment. Do you recollect of the trial I speak of?

Curran v. Percival.

The defendant objects that is immaterial and no foundation laid. The objection was overruled, and the defendant duly excepted.

A. I think I was subpœnaed on that trial once.

B. Were you not sworn as a witness in that case?

Defendant objects that it is incompetent, immaterial, not the best evidence, and not proper cross-examination. The objection was óverruled, and the defendant duly excepted.

A. I think I was.

Q. Don't you know you were?

A. Yes, sir.

Q. Didn't you swear on that trial that you didn't know that there was any brandy kept in that saloon at that time?

The defendant objects—incompetent, immaterial, no foundation laid, no time fixed. The objection was overruled, and the defendant duly excepted.

A. I don't remember whether there was any brandy in the house at that time or not.

Q. Didn't you swear at that time, on that trial, you didn't know of there being any brandy kept there at the time ·you were giving your testimony under oath?

The defendant objected that it was immaterial, irrelevant, incompetent, not in issue. The objection was overruled, and the defendant duly excepted.

A. I don't remember what I did swear to. It was a long time ago, and I don't remember much about it.

Q. Do you remember that Mr. Conn was arrested for having treated to intoxicating liquors in defendant's saloon?

Defendant objects that it is irrelevant, immaterial, incompetent, and not the best evidence. The objection was overruled, and the defendant duly excepted.

A. Yes, sir, I recollect that he was arrested.

Q. Didn't you swear on that trial before Justice Randall that you were there clerking for defendant, and had been for some months, and that you didn't know that he kept whisky, or brandy, or gin, or beer, or any intoxicating

liquor, and that you didn't know whether any one of those liquors were intoxicating or not?

Defendant objects that it is immaterial, irrelevant, incompetent, and no foundation laid. The objection was overruled, and the defendant duly excepted.

A. I can't remember what I did swear to at that time. I will tell you what I remember I swore to. I swore that I did not know whether the drink that that man Stewart drank was intoxicating or not—the man that he was arrested for treating.

The question was again repeated, the same objection made, overruled, and exception taken, and the witness answered:

A. I can't remember what I did swear to at that time, as I could not tell, it was so long ago."

These questions were clearly improper. The statement which may be drawn out on cross-examination with a view to show a contradictory statement by the adverse witness in respect to it, must not only relate to the issue, but it must be a matter of fact, and not merely a former opinion of the witness in relation to the matter in issue. 2 Phillips on Evidence, 903 (4th ed.) *Lawrence v. Barker*, 5 Wendell, 301. 1 Starkie Ev., 134. There are many cases where great latitude of cross-examination may be permitted, to show the bias, prejudice, interest, disposition, and conduct of the witness; but a distinct collateral fact, unconnected with the cause on trial, should not be inquired into, as the effect is to distract the attention of the jury from the matter on trial before them. The answers of the witness, however, were not of such a character as to materially prejudice the plaintiff in error before the jury, therefore not sufficient to warrant the granting of a new trial.

*Third.* Objections are made to the 8th paragraph of the instructions given by the court to the jury on its own motion. It is as follows:

"If you shall find from the evidence that the deceased went into the saloon of the defendant, and that the business of the defendant was to sell intoxicating drinks, and that deceased was sober when he went into the saloon, and that he came out of the saloon intoxicated, these facts raise a presumption that such person obtained intoxicating liquor in such saloon, but such presumption may be overcome by the proofs and circumstances; and if you shall find from the evidence that deceased did not procure liquor from the defendant that caused him to be intoxicated, or that contributed thereto, you should find for the defendant."

It is claimed that it was for the jury to say what presumption or conclusion the facts warranted, and that it was error for the court to assume that the proof raised a presumption. This instruction is in exact accordance with the testimony in the case, and is not objectionable.

Exceptions were also taken to the refusal of the court to give the following instruction asked by the defendant below:

"The court instructs the jury, as a matter of law, that while a man is answerable for the natural and probable consequence of his own acts, still if his acts happen to concur with something extraordinary, and not reasonably to have been foreseen, and thus produce an injury, he will not be liable therefor, provided such extraordinary and unforeseen conditions were not produced by or were not the direct result of his own wrongful act."

The rule is well settled that a party is not responsible for all the remote and possible consequences which may result from his act, although he be a wrong-doer, and the damages must be the natural and probable result of the act complained of. *Union Trust Co. v. Cuppy,* 26 Kas., 754. *Fuller v. Chicopee Mfg. Co.,* 16 Gray., 46. *Dickens v. Beal,* 10 Peters, 572. *Beach v. Ranney,* 2 Hill, 314. *Vandenburg v. Traux,* 4 Denio, 464. We are unable to see what application the instruction asked for has to the testimony in this case. The natural and probable result of the intoxication

of Percival was to cause him to become confused, stupefied, and unable to reach his home, whereby he was exposed to the elements during the night and frozen to death. A person furnishing intoxicating liquor to another is liable to pay all damages which the community or individuals may sustain in consequence thereof. In a recent case in this court, where the person who procured liquor and thereby became intoxicated, and while stupefied and unconscious by such liquor lay out of doors during a cold night, by reason of which his legs were frozen and had to be amputated, and he was thereby unable to follow his occupation and was deprived of his means of livelihood, it was held that he could recover from the saloon-keeper the damages sustained by him from his inability thereafter to support himself. That the freezing and consequent death of Percival were occasioned by his intoxication and inability therefrom to reach his home is fully established by the evidence, and the person furnishing the liquor to him is liable. There was no error, therefore, in refusing to give the instruction.

It is claimed on behalf of the plaintiff in error that the damages are excessive, and that the verdict was rendered under the influence of passion and prejudice. The testimony shows that Percival was fifty-eight years of age at the time of his death; that for several years prior thereto he had contributed, in part, at least, to the support of his family, but to what extent is not clear. It is evident, however, that he did not entirely support his wife and family. As this action is for loss of means of support, the damages are to be graduated by the loss sustained, and the verdict exceeds the amount of damages proved on the trial. The defendants in error have leave within thirty days to remit from the judgment the sum of $500, and upon condition that such remittitur be made, the judgment of the district court will be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.