EVA THAMANN ET AL., APPELLANTS, V. JOHN MERRITT
ET AL., APPELLEES.

FILED FEBRUARY 16, 1922. No. 21808.

1. **Evidence:** SUFFICIENCY. In an action for damages resulting from an unlawful sale of intoxicating liquors, a preponderance of the evidence will sustain a recovery in favor of plaintiff, though the wrongful act may be punishable in a criminal court.

2. **Intoxicating Liquors:** UNLAWFUL SALES: CIRCUMSTANTIAL EVIDENCE. An unlawful sale of intoxicating liquors and defendant's connection therewith may be proved by circumstantial evidence alone, and proof that the consideration for the sale passed may be unnecessary.

3. ———: ———: PROOF. An unlawful sale of intoxicating liquors may be proved without evidence of the terms of a formal contract.

4. **Death:** CONTRIBUTING CAUSE: QUESTION FOR JURY. A contributing cause of death is a question for the jury, where there is sufficient evidence to sustain a verdict in favor of plaintiff on that issue.

5. Inferences from evidential facts are questions for the jury, where the evidence will sustain a verdict in favor of plaintiff.

6. **Appeal:** PRIMA FACIE CASE. Where defendant does not adduce any proof, all facts which the evidence on behalf of plaintiff tends to prove will be treated as established for the purposes of a *prima facie* case in plaintiff's favor.

7. **Intoxicating Liquors:** UNLAWFUL SALES: CIRCUMSTANTIAL EVIDENCE. In an action to recover damages for the wrongful act of defendant in selling intoxicating liquors, empty bottles and the labels thereon, having come from drug stores conducted by defendant, *held* admissible as circumstantial evidence of a sale, under the circumstances outlined in the opinion.

8. ———: ———: DAMAGES: RECOVERY. In an action to recover damages for the wrongful act of defendant in selling intoxicating liquors, there may be circumstances under which plaintiff may recover without proof that the person fatally injured was himself the purchaser.

9. ———: ———: ———: ———. Where the unlawful sale of intoxicating liquors contributes to the death of the person who consumed it, there may be a recovery for resulting damages

.Thamann v. Merritt.

without proof that the wrongful act was the proximate cause
of such death.

APPEAL from the district court for Douglas county:
CHARLES A. GOSS, JUDGE. *Reversed.*

*Murphy & Winters,* for appellants.

*Ray J. Abbott* and *Isidor Ziegler, contra.*

Heard before MORRISSEY, C. J., ALDRICH, FLANSBURG
and ROSE, JJ., FITZGERALD and WAKELEY, District
Judges.

ROSE, J.

This is an action to recover from defendants damages
in the sum of $10,000 for contributing to the death of
John Thamann by unlawful sales of intoxicating liquors
labeled "Essence of Wintergreen," a preparation contain-
ing 95 per cent. of alcohol—more than necessary for legit-
imate purposes—not containing drugs in sufficient quan-
tities to make it unfit for use as a beverage and not being
salable by defendants under any other exception to the
statutory provisions forbidding the sale of intoxicating
liquors. Laws 1917, ch. 187. Plaintiffs are the widow
and the minor children of decedent. It is alleged that
the sales were made by defendant Sherman & McConnell
Drug Company, a corporation conducting drug stores at
various places in Omaha under state licenses, and that
defendant Charles R. Sherman is a bondsman of the
seller. The conducting of drug stores in Omaha under
state licenses and the suretyship of Sherman are admit-
ted in an answer denying the wrongful acts imputed to
defendants. After the proofs on behalf of plaintiffs had
been adduced, the trial court directed a verdict in favor
of defendants, the latter not having offered any evidence.
From a judgment of dismissal, plaintiffs have appealed.

The only questions presented are raised by assign-
ments that the trial court erred in sustaining objections
to the introduction in evidence of empty bottles with the
labels thereon and in directing a verdict in favor of de-

fendants. To justify the peremptory instruction, it is argued that there is no proof that Sherman & McConnell Drug Company sold the intoxicating liquors consumed by Thamann, and that the empty bottles and the labels are not evidence of that fact—an essential element of plaintiffs' case. These questions must be considered in the light of the following pertinent rules of law:

In an action for damages resulting from an unlawful sale of intoxicating liquors, a preponderance of the evidence will sustain a recovery in favor of plaintiff, though the wrongful act may be punishable in a criminal court.

An unlawful sale of intoxicating liquors and defendant's connection therewith may be proved by circumstantial evidence alone, and proof that the consideration passed may be unnecessary.

An unlawful sale of intoxicating liquors may be proved without evidence of the terms of a formal contract.

A contributing cause of death is a question for the jury, where there is sufficient evidence to sustain a verdict in favor of plaintiff on that issue.

Inferences from evidential facts are questions for the jury, where the evidence will sustain a verdict in favor of plaintiff.

These principles are well established. Were the bottles and the labels properly excluded? Means of identification had been blown in one of the bottles in the following form:

"Sherman & McConnell Drug Co., Omaha."

The label on the outside reads:

"Essence of Wintergreen. Sherman & McConnell Drug Co. Prescription Pharmacists. Cor. 19th and Farnam, Branch, Omaha, Neb."

There is evidence from which the following inferences may be drawn: Thamann was addicted to the use of intoxicating liquors. He received his wages as a laborer December 24, 1917, and went home with the bottle in his pocket. At different times that day he drank the contents mixed with water and sugar. He said he had pur-

·chased alcohol. What he drank from the bottle was intoxicating. The next day he drank the contents of another bottle labeled thus:

"Essence of Wintergreen. Sherman & McConnell Drug Co. 24th and Farnam St. Branch. Omaha, Neb."

Vomiting followed as a result. The odor of these bottles when offered in evidence, and the labels thereon, were the same as when the intoxicating liquors were consumed. Thamann continued to drink "Essence of Wintergreen" and as a consequence died in convulsions December 31, 1917. The drinking December 24 and 25 contributed to his death.

There is also evidence tending to prove these facts: The empty bottles, with the labels and the odor unchanged, were taken to one of the drug stores conducted by the Sherman & McConnell Drug Company, and were shown to defendant Sherman, ·who examined them and said that they had come from his line of drug stores, and that they had contained 95 per cent. of alcohol and 5 per cent. of essence of wintergreen.

In addition, the following inferences may also be drawn from the proofs: Essence of wintergreen is used as a flavoring for beverages. It is soluable in 2 per cent. of alcohol. The bottles contained more alcohol than was necessary for legitimate purposes. The preparation did not contain drugs in sufficient quantities to make it unfit for use as a beverage. Furthermore, it is a fair inference that it was not salable by defendants under any other exception to the statutory provisions forbidding the sale of intoxicating liquors. Laws 1917, ch. 187.

Since defendants offered no proofs, all facts which the evidence on behalf of plaintiffs tends to prove are treated as established ·for the purposes of a *prima facie* case. Under all the evidential facts, were the bottles and the labels admissible as circumstantial evidence tending to show that defendants sold the intoxicating liquors labeled "Essence of Wintergreen" and consumed by Thamann? Defendants were engaged in the retail business of sell-

Thamann v. Merritt.

ing drugs. For that purpose they had procured a state license and had given a bond. The bottles had been intended for containers of drugs when sold by defendants at retail. Labels, in ordinary, general and well-understood use, indicate not only contents, but the name and the location of the retail sellers. Both the bottles and the labels are implements of defendants' retail business. As such they came from defendants' line of drug stores. Purchase from a druggist in labeled bottles is the usual method of procuring drugs. Retail druggists have a legitimate use for both alcohol and essence of wintergreen.

In the present instance the person who consumed the contents of the bottles, labeled in the manner shown, is dead and cannot testify. The druggists charged with the unlawful sales are defendants in the action for damages. Under the circumstances outlined, the bottles and the labels from defendants' line of drug stores, the first bottle having been taken home by Thamann after he had drawn his wages a few days before his death, tend, as circumstantial evidence, to throw some light on the issue of sales and were, therefore, admissible in evidence. *Curran v. Percival,* 21 Neb. 434; *Sullivan v. Conrad,* 79 Neb. 303.

Considering the evidence erroneously excluded, was there error in the peremptory instruction in favor of defendants? The weight of the evidence is a question for the jury. There may be a recovery by plaintiffs without proof that Thamann in person was himself the purchaser. There being proof that his drinking December 24 and 25, 1917, contributed to his death, evidence that it was the sole or the proximate cause thereof is not essential. Plaintiffs seem to have offered evidence making a *prima facto* case. It follows that the trial court erred in excluding the labeled bottles and in directing a verdict in favor of defendants. For these reasons, the judgment below is reversed and the cause remanded for further proceedings.

REVERSED.