### SLOAN v. NEWMAN.

### Opinion delivered November 3, 1924.

1. EVIDENCE—HEARSAY.—In a will contest statements of a third person concerning the habits and condition of the testatrix are hearsay and incompetent.

2. WILLS—EVIDENCE AS TO MENTAL CAPACITY.—In a will contest where contestants alleged that testatrix was a paranoiac and quarrelsome, it was competent to show that she was not of that type and temperament, but was affable and liked by every one.

3. EVIDENCE—OPINION OF NURSE AS TO MENTAL CAPACITY OF TESTATRIX.—In a will contest it was not error to allow an experienced nurse who had attended testatrix in her last illness to state, by comparison with other persons with whom she came into contact professionally, her opinion of the mental capacity of the testatrix.

4. EVIDENCE.—PHOTOGRAPHS.—In a will contest where it was contended by contendants that the devise to the principal beneficiary, who was not of kin to the testatrix, was an unusual and unnatural one, and such beneficiary had testified concerning the intimate

relations between testatrix and herself, it was competent for her to introduce photographs of testatrix and herself tending to corroborate her testimony as to such relationship.

5. WILLS—COMPETENCY OF LETTERS OF TESTATRIX.—Testatrix's letters written shortly after execution of her will are competent to show her mental condition.

6. APPEAL AND ERROR—NECESSITY FOR SPECIFIC OBJECTION.—The mere fact that an instruction is argumentative does not call for a reversal unless the objection was specifically pointed out.

7. WILLS—CONTEST—INSTRUCTION.—In a will contest, it was proper to refuse an instruction that, if the testatrix conceived that her niece, one of the contestants, was unappreciative or neglectful of her, and that this idea was not based on evidence, the jury might find that she entertained an insane delusion with respect to such niece; such instruction being on the weight of evidence.

8. APPEAL AND ERROR—BURDEN OF SHOWING ERROR.—The burden of showing alleged misconduct of the litigant, the attorneys or the trial judge, devolves upon the complaining party.

9. CONTINUANCE—POSTPONEMENT OF HEARING—DISCRETION.—Where the court adjourned over for about 20 days to hear a motion for new trial, it was not an abuse of error to decline a further postponement of the hearing.

Appeal from Desha Circuit Court; *T. G. Parham,* Judge; affirmed.

*David A. Gates* and *H. H. Hays,* for appellant.

It is error to submit to a jury issues that do not exist. 90 Ark. 439. Instructions are erroneous which assume that facts necessary to sustain them have been proved. 14 Ark. 286; *Id.* 530; 18 Ark. 521; 20 Ark. 171; 23 Ark. 411; 45 Ark. 256. It is error to instruct the jury as to the force or weight of the evidence. 37 Ark. 580. The refusal of an instruction correctly applying the law to the facts in the case, which is not covered by any other instruction, is error. 127 Ark. 125; 87 Ark. 243.

*E. E. Hopson* and *Williamson & Williamson,* for appellee.

The court correctly sustained the objections to the testimony of Mrs. Browning, as being hearsay and incompetent. 151 Ark. 157; Crawford's Digest, Ark., §§ 102-104, pp. 2008-2010. It is not prejudicial error to exclude

testimony where the information sought has already been substantially elicited. 87 Ark. 285, 286. An assignment or error in excluding a question propounded to a witness will not be considered on appeal, unless the record shows what the answer of the witness would have been. 162 Ark. 584; 88 Ark. 562; 87 Ark. 123; 105 Ark. 231; 154 Ark. 612. The photographs introduced by appellee were corroborative of the testimony that Mrs. Rogers had been devoted to appellee from her babyhood, and they were competent and admissible. 159 Ark. 305; 155 Ark. 585; 111 Ark. 88; 22 Corpus Juris 913, § 1115; *Id.* 253, § 245; *Id.* 768, § 866; 10 R. C. L. 1153, § 356; 85 Neb. 175; 7 A. L. R. 1344; 2 R. C. L. 247, § 205, and p. 250, § 206; 84 Ark. 323. If the photographs had no probative force, as suggested, their introduction was harmless. 150 Ark. 215; 152 Ark. 197. The letters written by the testatrix to the mother of appellee were introduced for the purpose of judging her testamentary capacity, and they were competent for that purpose. 122 Ark. 407, 413. It is sufficient answer to appellant's objections to instructions given, to say that they were taken from the decisions of this court, and are all well established rules of law in this State. 49 Ark. 367; 87 Ark. 243, 297; 64 Ark. 349; 66 Ark. 623; 95 Ark. 158; 114 Ark. 69; 133 Ark. 448; 156 Ark. 443; 156 Ark. 528; 154 Ark. 228. Appellant's requested instruction No. 2 was a comment upon the weight of the testimony, was argumentative, and highly prejudicial. It was therefore properly refused. 31 Ark. 306; 87 Ark. 243; 29 Ark. 151.

McCULLOCH, C. J. This appeal involves a contest of the last will and testament of Mrs. Addie Godwin Rogers, who resided at Arkansas City, in Desha County, and died on April 25, 1922, at the age of about fifty-five years. Mrs. Rogers had been twice married—first to Henry Townshend, a prominent citizen of Arkansas City, who died about ten years ago, and the last time to Mr. F. M. Rogers, a prominent member of the bar of Arkansas City, who died about a year before her death.

Mrs. Rogers had no children, and her next of kin at the time of her death were her brother and sister, Lennie Godwin and Betsye Godwin Moore, and her nieces, Dorothy Dickinson Sloan and Eunice Dickinson, the children of her deceased sister, Mrs. J. W. Dickinson, all of whom are contestants, and also her nephew, John A. Dickinson, who was one of the beneficiaries under the will.

Mrs. Rogers appears to have had an estate of about $57,000, and in her will she left $10,000 in money and bonds to her nephew, John A. Dickinson, and the remainder of her estate, both real and personal, to Evelyn Newman, who was not related to Mrs. Rogers, either by consanguinity or affinity. It appears, however, from the testimony, that Evelyn Newman, the chief beneficiary under the will, and who, at the time of the death of Mrs. Rogers, was a child about fifteen years old, was the daughter of friends of Mrs. Rogers who resided in a town in an adjoining county. The evidence shows beyond dispute that Mrs. Rogers became very fond of the child during the latter's infancy, and showed the utmost devotion to her as long as she lived.

The will was offered for probate in the probate court of Desha County, and there admitted, and an appeal was prosecuted to the circuit court.

Appellants contest the will on the ground that Mrs. Rogers lacked sufficient mental capacity to execute a will, and that the execution of the instrument was induced by undue influence. Appellants attempted to prove at the trial that Mrs. Rogers was a paranoiac, laboring under a delusion that one of her nieces was neglectful of her and was unappreciative of what she (Mrs. Rogers) had done for her, and that her niece's conduct towards her was not considerate or respectful. There was a great volume of testimony introduced— experts on insanity, and many persons who were intimately acquainted with Mrs. Rogers—and there was testimony of a substantial nature tending to show that Mrs. Rogers was a paranoiac, suffering from the delusion

mentioned above, but there was substantial evidence to the contrary, and we must treat the verdict of the jury as settling that issue. In fact, it may be said that the great preponderance of the testimony appears to support the conclusion that Mrs. Rogers was not lacking in mental capacity. We do not discover any evidence of a substantial nature tending to show undue influence, and that issue was not submitted to the jury.

The motion for a new trial contains forty-eight assignments of error relating to every phase of the trial —the rulings of the court concerning the introduction of evidence, the court's charge to the jury, alleged misconduct of the trial judge, one of the litigants, a juror, and counsel in the case. Some of these assignments are of the same nature, and need not be discussed separately; others we find are not properly raised in the record. Hence we will discuss only such assignments as are properly raised and deemed important.

It is contended that the court erred in refusing to permit Mrs. D. U. Browning, a witness introduced by appellants, to testify concerning certain statements of Mrs. Dickinson, a sister of the testatrix. One of the excluded statements of the witness was that Mrs. Dickinson often warned the witness to take no offense at what Mrs. Rogers did or said, as she used morphine, and was not responsible. Another of the excluded statements of the witness was that she knew that Mrs. Rogers was addicted to the use of morphine because Mrs. Dickinson had told her so. Another statement of the witness related to what Mrs. Dickinson wrote to witness while she was in Hot Springs. The will in question was executed by Mrs. Rogers at Arkansas City on December 30, 1921, and, according to the testimony, the testatrix had been ill and under treatment for several months before that time. Mrs. Rogers came to Little Rock, and stayed with her sister, Mrs. Dickinson, during a portion of her illness, and Mrs. Dickinson accompanied her to Hot Springs, where she went for treatment. Mrs. Dickinson died suddenly in the autumn of 1921, while she was

at Hot Springs with Mrs. Rogers, her sister. The statements of Mrs. Browning related to what Mrs. Dickinson had said to her, about that time, concerning the habits and condition of the testatrix. We are of the opinion that this testimony was hearsay and clearly incompetent.

Mrs. Demarke, a lady residing in Arkansas City, and an acquaintance of long standing of Mrs. Rogers, was introduced by appellee as a witness, and she testified that she had been intimately acquainted with Mrs. Rogers for a long time and up to her death, and that she had seen her frequently just before she went to the hospital where she died, and that Mrs. Rogers was a very bright, alert woman, and took an active interest in all the affairs of the community, and was a woman of fine business qualifications. Counsel for appellee asked Mrs. Demarke the question, "How was Mrs. Rogers received in Arkansas City?" and the witness made this reply, "Everybody liked her and was fond of her." Objection was made by appellants and overruled by the court, and the ruling is now assigned as error. If it will be conceded that the testimony is of sufficient importance to form the basis of an assignment of error, we do not think there was any error in permitting the witness to answer the question. The whole basis of the contest was that Mrs. Rogers was a paranoiac, that she was a "quarrelsome, querulous and complaining person," and testimony was introduced by experts that this was an indication of mental unsoundness of the type attributed to the testatrix. It was competent to show by this witness that Mrs. Rogers was not a woman of that type and temperament, but that, on the contrary, she was an affable woman, who was popular among her intimate friends, and that the people in the town where she lived were all fond of her.

It is next contended that the court erred in permitting a witness, Miss Rose, who was a nurse in the hospital in New Orleans where Mrs. Rogers died, to state, by comparison with other persons with whom the witness came in contact professionally, her opinion of the mental

capacity and strength of the testatrix, Mrs. Rogers. Conceding that the form of the question constituted an awkward method of eliciting the testimony, yet it was perfectly competent to take the statement of the witness as to Mrs. Rogers' mental capacity at the time she was in the hospital, which was a short time after the execution of the will, and while she was attended professionally by the nurse, who was shown to be a person of long experience and who had opportunities of judging the mental capacity of Mrs. Rogers. There was no error in allowing the witness to testify on this subject, and the form of the question was not prejudicial.

The contestee, Evelyn Newman, was introduced as a witness in her own behalf, and testified concerning the intimate relations between herself and Mrs. Rogers since her own early recollection. She related many evidences of Mrs. Rogers' generosity and affection for her and her tender solicitude. She was permitted, over objections of appellants, to exhibit to the jury photographs of herself and Mrs. Rogers, taken with each of the latter's husbands, one of the pictures being taken when the witness was a very small child. The tendency of these photographs was to show the intimate relations between the witness and Mrs. Rogers, and they had some probative force in that direction, but they were merely cumulative of the positive statements of the witness with reference to the attitude of Mrs. Rogers towards her. The contention of appellants was that the disposition made by Mrs. Rogers of her property was an unusual and unnatural one, and the contestee had the right to meet that theory by testimony showing the affection of the testatrix for the chief beneficiary under her will. The photographs were, as before stated, merely corroborative of what the witness testified, and, we think, were competent for that purpose.

It is next contended that the court erred in permitting appellee to introduce numerous letters written by Mrs. Rogers to Mrs. Newman, the mother of the contestee, while she was in the hospital at New Orleans.

These letters were all written shortly after the execution of the will. The letters discussed personal affairs, such as the condition of health of the testatrix and the details of her life in the hospital, and also dealt with many ordinary affairs of life. Some of the letters also discussed the conduct of a niece of the testatrix, one of the appellants, concerning a request for a piano. Appellee sought to introduce these letters for the purpose of throwing light upon the mental condition of the testatrix. We think the letters were competent for that purpose. *Mason* v. *Bowen,* 122 Ark. 407.

There are several assignments of error with respect to the refusal of the court to permit appellant's counsel to propound certain questions to witnesses, and in some of those instances the record has not been perfected by showing what the witnesses would have stated if permitted to answer. In another instance, where such an error is assigned, the record shows that the court, after first holding that the testimony was incompetent, changed the ruling and allowed the testimony to be introduced. In some other instances it is conceded in the argument that there was no prejudicial error.

There are numerous assignments of error with respect to the court's charge in giving instructions requested by appellee and refusing to give certain instructions requested by appellants. These assignments are too numerous and lengthy for discussion in this opinion, for our conclusion is that the instructions on the issue of mental capacity all conformed to the law as settled by this court in *McCulloch* v. *Campbell,* 49 Ark. 361; *Taylor* v. *McClintock,* 87 Ark. 243. The only criticism that can be justly made of the court's charge is that some of the instructions are open to the objection that they are slightly argumentative, but there was no objection made on that ground. Unless an instruction is obviously on the weight of the evidence, the mere fact that it contains statements bearing an argumentative tendency does not call for a reversal, unless the objection is specifically pointed out to the trial court.

Error of the court is assigned in refusing to give the following instruction:

"2. The jury are instructed that in any circumstances a niece is a natural object of an aunt's bounty. In the absence of a will or other testamentary disposition of property, a niece takes the property of an aunt or an uncle as against persons unrelated to the decedent, and against all others except those nearer than a niece or nephew in blood to the decedent. The effect of a will is to change the manner in which the law distributes the estate of a decedent. In this case, if there were no valid will, the property of Mrs. Addie Godwin Rogers would be distributed under the law, one-third to her sister, Betsie Godwin Moore; one-third to her brother, Lennie Godwin, and the remaining third share and share alike between Dorothy Dickinson Sloan, Eunice Dickinson and John Allen Dickinson, children of her deceased sister, Mrs. Eunice Dickinson. If the jury believed from the evidence that Mrs. Addie Godwin Rogers, the aunt of Mrs. Sloan, conceived the idea that Mrs. Sloan was not nice to her, was unappreciative of what she (Mrs. Rogers) had done for her, or that Mrs. Sloan was neglectful of her; if there was no evidence upon which Mrs. Rogers could have based such a belief; if, in fact, Mrs. Sloan was nice to Mrs. Rogers, was appreciative of what Mrs. Rogers had done for her, and was careful to provide for the comfort of Mrs. Rogers, the jury may find that there was an insane delusion on the part of Mrs. Rogers with respect to her niece, and, if the jury further finds there was such insane delusion, and that, in making the will propounded in this case, Mrs. Rogers was influenced by such insane delusion with respect to its provisions as they relate to Mrs. Sloan, they must find against the will."

One of the objections to this instruction, and which, we think, justified the court in refusing it, is that it is argumentative. Another reason, and a more emphatic one, why it was proper to refuse it, is that its language constituted a charge on the weight of the evidence, in

telling the jury that, if the conception of the testatrix with respect to the conduct of the niece was without evidence to base it upon, "the jury may find that there was an insane delusion on the part of Mrs. Rogers with respect to her niece." The effect of this language was to tell the jury that the mere fact that the testatrix conceived the idea, based upon no evidence, was sufficient to justify a finding of an insane delusion. The court was therefore correct in refusing to give that instruction.

All of the assignments of error in the motion for a new trial with respect to misconduct are without support, except the bare statements in the motion. It devolved on the complaining parties to prove this misconduct. It is argued that the burden of proof as to misconduct of the litigant, the attorneys and the trial judge himself, should not be placed on the complaining party. We think that the distinction sought to be made by counsel is unfounded; for, wherever it is sought to impeach the verdict of the jury on account of any misconduct, before the court is justified in setting aside the verdict, there ought to be some proof made, either directly or by circumstances, to establish the alleged misconduct.

It is also argued that the court erred in not postponing the hearing in order to procure the attendance of the court stenographer, but there is no showing in the bill of exceptions that the stenographer was absent. The court adjourned over for about twenty days to hear the motion for new trial, but declined to grant further postponement. This was a matter of discretion for the court, which does not appear to have been abused.

We find no error in the record, and the judgment is therefore affirmed.