Coca-Cola Bottling Company of Arkansas *v.* Adcox.

4-3538

Opinion delivered October 1, 1934.

*S. Hubert Mayes*, for appellant.

*Claude M. Erwin, Jr.*, for appellee.

Mehaffy, J. This action was begun by appellee in the Jackson Circuit Court against the appellant, Coca-Cola Bottling Company, to recover for personal injuries caused by drinking a part of a bottle of Coca-Cola which contained foreign substances, alleged to be glass and hairs.

It was alleged that appellee purchased from the Missouri Pacific Restaurant at Newport, Arkansas, a bottle of Coca-Cola which had been manufactured, bottled and delivered to the said Missouri Pacific Restaurant by the appellant, Coca-Cola Bottling Company, which was to be offered for sale as a beverage for human consump-

tion by the said restaurant; that, instead of being wholesome and good for human consumption, said bottle of Coca-Cola purchased by appellee had been negligently manufactured and negligently bottled, and was unwholesome, poisonous, and wholly unfit for human use, in that said bottle contained putrid and foreign substances, among which were hairs, having the appearance of bristles from a brush, and pieces of broken glass, poisonous and deleterious, which had been negligently permitted to enter and remain in said bottle, by the appellant; that appellee drank of said bottle of Coca-Cola without knowledge of its unwholesome condition, and did not know that it contained any foreign or unwholesome substances until he had drunk about one-half of the contents of said bottle; that, by reason of taking the said unwholesome Coca-Cola in his stomach, appellee immediately became violently ill, cramping and sick at his stomach, and was so violently ill that it was necessary for him to go to bed for care and medical attention. Further allegations were made with reference to appellee's injuries.

The appellant filed answer denying the allegations of the complaint, and pleaded the contributory negligence of appellee. There was a trial by jury, and a verdict and judgment for $1,000. The case is here on appeal.

The evidence of appellee tended to show the facts alleged in the complaint, and the testimony offered by appellant tended to show that there was no carelessness or negligence in the manufacturing and bottling of the Coca-Cola.

Only two questions are presented for our consideration. The appellant contends, first, that the court erred in admitting the bottle from which appellee drank the alleged impure Coca-Cola, and, second, that the verdict is excessive. There is no contention that the evidence is not sufficient to support a verdict for the appellee.

When appellee offered the bottle in evidence, the appellant objected. Appellant states that the case falls squarely within the rule announced by this court in *Hooks* v. *General Storage & Transfer Company,* 187 Ark. 887, 63 S. W. (2d) 527. It is stated in that case: "According to the uncontradicted testimony in this case, the

photographs of the two trucks which were in the collision were not taken until a week or ten days after the collision, and at that time appellant's ice truck had been fully repaired." The photographs in that case were inadmissible because the truck had been repaired, and the photograph did not show the condition of the truck at the time of the injury. If the photographs had been taken before the trucks were repaired, and if the evidence had shown that at the time the photographs were taken there had been no change, the photographs would have been admissible. In the instant case, the appellee testified that he took the bottle that he drank from and poured the Coca-Cola out, and that naturally it rinsed some of the contents out, but there is some in there yet; that he corked the bottle up and put it away. When he was asked if it was sealed in that condition, he said: "Absolutely." On cross-examination he was asked if it had some Coca-Cola in it, he said "Yes," and he poured it out. He also testified that he put a top on it; that several persons saw him do this, and he took it up to Mr. Claude Erwin, and it had been in Mr. Erwin's safe ever since that time; that the bottle was in the same condition it was when he delivered it to Mr. Erwin.

Mr. Erwin testified that the bottle was given to him by Adcox, and that it had been in his safe until the morning of the trial, when he brought it to the trial, and that it was in the same condition that it was when Adcox gave it to him.

It was not error for the court to permit the bottle to be introduced in evidence.

The Alabama court, in passing on a similar question, said: "We do not think the trial court was in error in permitting the introduction of the bottle, and the decomposed rat over the appellant's objections. The appellee identified the bottle and its contents. The testimony is not to be excluded because the witness does not speak with positive assurance." *Coca-Cola Bottling Company* v. *Barksdale,* 17 Ala. App. 606, 88 So. 36.

In the case of *Walker Hospital* v. *Pulley,* 74 Ind. App. 659, 127 N. E. 559, the court held that it was not

error to introduce in evidence a piece of gauze taken from the sinus.

The Nebraska court held that, under the circumstances outlined, bottles and labels from defendant's line of drug stores tend as circumstantial evidence to throw some light on the issue of sales, and were therefore admissible in evidence. *Thamann* v. *Merritt*, 107 Neb. 602, 186 N. W. 1003.

"Plaintiff offered in evidence a sample of corn claimed to have been taken from the car actually delivered to him. This sample was received in evidence. There is some controversy as to the identity of this sample. We think, however, plaintiff's evidence of identity was sufficient to warrant the court in receiving it." *McGuire* v. *Chambers*, 148 Minn. 57, 180 N. W. 1013. See also *Ranney-Davis Merc. Co.* v. *Morris*, 223 Pac. 887; *Keith* v. *Drainage Dist.*, 183 Ark. 384, 36 S. W. (2d) 59; *Miss. River Fuel Corp.* v. *Senn*, 184 Ark. 554, 43 S. W. (2d) 255; *Sloan* v. *Newman*, 166 Ark. 259, 266 S. W. 257; *S. L. S. F. Ry. Co.* v. *Horn*, 168 Ark. 191, 269 S. W. 576; *Graves* v. *Jewel Tea Co.*, 180 Ark. 980, 23 S. W. (2d) 972.

It is next contended by the appellant that the verdict is excessive. The appellee testified that in drinking the Coca-Cola he swallowed some of the hair and glass; that he was made sick, treated by a physician about six weeks, suffered great pain, and still suffers. This evidence was practically undisputed.

There is no rule by which we can measure damages for pain and suffering.

"Verdicts of juries are not set aside on account of the amount of recovery unless the amount is excessive. If the plaintiff was entitled to recover, and the amount of the verdict was a fair compensation for the injuries complained of, the verdict of the jury should be permitted to stand." *Ward* v. *Blackwood*, 48 Ark. 399, 3 S. W. 624.

"The measure of damages for a physical injury to the person may be broadly stated to be such sum, so far as it is susceptible of estimate in money, as will compensate plaintiff for all losses, subject to the limitations imposed by the doctrines of natural and proximate con-

614

sequences, and of certainty, which he has sustained by reason of the injury, including compensation for his pain and suffering, for his loss of time, for medical attendance and support during the period of his disablement, and for such permanent injury and continuing disability as he had sustained. Plaintiff is not limited in his recovery to specific pecuniary losses as to which there is direct proof, and it is obvious that certain of the results of a personal injury are insusceptible of pecuniary admeasurement, from which it follows that in this class of cases the amount of the award rests largely within the discretion of the jury, the exercise of which must be governed by the circumstances and be based on the evidence adduced, the controlling principle being that of securing to plaintiff a reasonable compensation for the injury which he has sustained." 17 C. J., 869, *et seq.*

We are of opinion that the verdict of the jury is not excessive. The issues were submitted to the jury on proper instructions, and its verdict must be permitted to stand.

We find no error, and the judgment is affirmed.