RACHELS v. DEENER.

Opinion delivered December 15, 1930.

*J. N. Rachels,* for appellant.

*Brundidge & Neelly,* for appellee.

McHANEY, J. Appellant, who is a reputable lawyer of Searcy, Arkansas, sued appellees for damages, alleging that they had libeled him by writing, mailing and causing to be delivered the following letter:

"August 20, 1926.

"J. C. Wyatt, Sec'y & Treas.,
"Union Trust Co.,
"Carthage, Mo.

"Dear Sir: We are in receipt of your letter of the 18th asking information concerning J. N. Rachels, attorney, of Searcy, Ark.

"Mr. Rachels has lived in Searcy for the past twenty years. During this time he has been engaged in the practice of law. For four years he was district attorney; this position he filled with fair credit and satisfaction. Since that time he doesn't seem to have gotten on very well. He claims to have lost some money in the oil business. We have found it necessary to charge off some notes that he owed this bank as they were uncollectable. Would suggest rather conservative dealings with him.

"We ask that you keep this information strictly confidential. We really prefer your destroying this letter after it has served its purpose.

"Yours truly,

"J. H. Deener, Vice Pres."

It is alleged that the contents of said letter were false and malicious and known to be false by appellees; that it was written for the purpose of injuring him in his good reputation, and of destroying confidence in him as a lawyer; and that it constituted a libel on his character and reputation to his damage in the sum of $10,000, for which amount he prayed judgment. A demurrer was interposed and sustained to this complaint, one of the grounds of which was "because the instrument set out in said complaint is not actionable, *per se,* and the complaint fails to allege any specific damage sustained by plaintiff." Appellant declined to plead further, and his complaint was dismissed. Hence this appeal.

Was the publication of the above letter libelous *per se?* If so, the demurrer was improperly sustained; but, if not so, then the complaint was open to demurrer in the absence of an allegation of special damages. *Honea* v. *King,* 154 Ark. 462, 243 S. W. 74. There was no such allegation. One sentence in the letter says that "For four years he was district attorney, this position he filled

with fair credit and satisfaction.'' This, we take it, is complimentary. Next it says: ''Since that time he doesn't seem to have gotten on very well.'' Nothing libelous about that. ''He claims to have lost some money in the oil business.'' Nothing there to sustain an action for libel. ''We have found it necessary to charge off some notes that he owed this bank as they were uncollectable. Would suggest rather conservative dealings with him.'' This is the most damaging statement contained in the letter, and it is not libelous *per se*, as, when analyzed, it amounts only to a statement that his credit at the bank is not so good as it once was. Our statute, (§ 2390, C. & M. Digest), defines libel as follows: ''A libel is a malicious defamation, expressed either by writing, printing or by signs or pictures or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, veracity, virtue or reputation, or to publish the natural defects of one who is living, and thereby expose him to public hatred, contempt and ridicule.'' In *Honea* v. *King, supra,* we held that in determining whether the written words are libelous, the entire article must be considered and construed, and the words used must be taken in their plain and natural meaning. When we have done this, we find nothing in the letter which tends ''to impeach the honesty, integrity, veracity, virtue or reputation'' of appellant, nor anything to ''expose him to public hatred, contempt and ridicule.'' True, the letter states the bank holds some notes which were charged off because uncollectable. But that does not amount to a charge of dishonesty, nor impeach his integrity, for we all know that many honest men, men of high integrity, sometimes become unable to pay their honest debts. The words used do not impute to him a want of capacity or fitness to engage in his profession as a lawyer and nothing is said which can reasonably be construed to be a reflection on him in his professional capacity. The most that can be said is that there is an imputation of insolvency which is not actionable *per se*. 17 R. C. L., p. 307, § 47.

934

The words used not being libelous *per se*, and there being no allegation of special damages, the complaint failed to state a cause of action, and the demurrer was properly sustained.

Affirmed.