BRYANT *v.* LEWIS.

4-6071                                 144 S. W. 2d 37

Opinion delivered November 4, 1940.

*J. F. Quillin* and *William P. Alexander,* for appellant.

*Minor Pipkin* and *Howard Hasting,* for appellee.

HOLT, J. December 6, 1938, William Lewis executed his promissory note to Homer Bryant, doing business as Bryant Motor Company, at Henryetta, Oklahoma, in the sum of $199.11, with ten per cent. interest, and due January 6, 1939. To secure the payment of this debt, Lewis, on the same date, executed a chattel mortgage on a Dodge

automobile. The note and mortgage were executed in Oklahoma and the automobile, at the time, was located at Henryetta, Oklahoma. December 15, 1938, Mittie Lewis, wife of William Lewis, took the car to Polk county, Arkansas.

The note was not paid when due and appellant, Homer Bryant, on July 5, 1939, filed suit in the Polk chancery court naming William Lewis and Mittie Lewis, defendants.

In his complaint, which he verified, he alleged the debt, the note and the mortgage; and that the car had been removed from Oklahoma to Polk county, Arkansas, by Mittie Lewis and was in her possession. Copies of the note and mortgage were made exhibits to the complaint. There is a prayer for judgment against William Lewis, for a lien and attachment against the automobile, and for its sale to satisfy the judgment.

An attachment order was issued and Mittie Lewis, (one of the defendants below), executed a cross-bond and retained the car in her possession.

Mittie Lewis, appellee, answered denying every material allegation in the complaint, denied that Homer Bryant held any valid mortgage or lien against the automobile; denied that there was any consideration for the note and mortgage; and alleged that they had been obtained from William Lewis for the sole purpose of defrauding her and that she was the owner of the automobile in question. Her answer was not verified.

William Lewis filed a separate, verified answer in which he expressly admitted each and every allegation of the complaint.

When the case was called for trial the plaintiff (appellant here) offered in evidence copies of the note and mortgage in question. Upon objection of defendant, Mittie Lewis, to the introduction of copies of these instruments as evidence against her, the trial court sustained her objection, but permitted the copies as against the defendant, William Lewis. At this point, plaintiff (appellant here) rested his case and offered no further

testimony. Defendant, Mittie Lewis (appellee here) offered no testimony. Whereupon the court rendered judgment in favor of appellant against William Lewis for the amount of the debt, dismissed the complaint against Mittie Lewis for want of equity, dissolved the attachment of the automobile, released the automobile to her, and dissolved her bond. This appeal followed.

On the record before us, it is undisputed that the note and mortgage in question were executed by William Lewis alone; Mittie Lewis' name does not appear on either of these instruments.

Appellant presents his contention on this appeal in the following language: "Appellant contends that since the maker of the note and mortgage acknowledged their genuineness under oath in his answer, the answer of the defendant, Mittie Lewis, is not sufficient in its content to put that point in issue. But if her allegation were sufficient to test the genuineness of the instruments, her failure to verify her answer calls for rebuttal evidence on her part in order to overcome the *prima facie* case made when the instruments were introduced."

In other words, appellant contends that since the defendant, Mittie Lewis, failed to verify her answer, and William Lewis did verify his answer, the copies of the note and mortgage sued on should have been admitted as evidence against her, thus making a *prima facie* case which cast the burden on her to overcome it by proper testimony. In support of this contention, appellant relies upon § 5123 of Pope's Digest which is as follows: "Where a writing purporting to have been executed by one of the parties is referred to in and filed with a pleading, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun." It is our view, however, that this section does not apply to appellee.

As said above, it is undisputed that the note and mortgage in question were executed by William Lewis alone; Mittie Lewis' name does not appear upon either. The instruments, originals or copies, could be read in

evidence as genuine in the instant case against William Lewis only. Appellee, Mittie Lewis, was not required to deny the genuineness of the instruments by affidavit, but her general denial contained in her answer and her allegation that she owned the automobile in question was sufficient to cast the burden upon the plaintiff (appellant here) to make out his case.

Appellant cites a number of our cases to support his interpretation of the application of the above section of the statute, however, an examination of each of these cases discloses that they are not in point here, for the reason that in each the actual signer of the instrument in question was being sued.

As to appellant's contention that the verified answer of William Lewis, in which he admitted every material allegation in the complaint, was sufficient to put in evidence the copies of the note and mortgage in question as against Mittie Lewis, we cannot agree.

It must be remembered in this case that the interest of William Lewis and Mittie Lewis are hostile. The fact that William Lewis' answer was verified does not make its contents evidence against Mittie Lewis. At most it is but an affidavit, or statement made under oath, by William Lewis in the absence of appellee, Mittie Lewis, who was deprived of the privilege of cross-examination and is in no sense binding upon her, or evidence against her.

We think, therefore, that the chancellor was correct in excluding the copies of the note and mortgage as evidence against Mittie Lewis.

It is also our view that the court was correct in admitting the copies of the note and mortgage as evidence against William Lewis under § 5123 of the statute, *supra*.

No error appearing, the decree is affirmed.