MCNUTT v. STATE.

4184                                144 S. W. 2d 1094

Opinion delivered November 11, 1940.

*Sam Robinson,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, C. J. In consequence of embezzlements aggregating more than twenty thousand dollars which occurred in the office of Sheriff and Collector L. B. Branch, Edgar Collins and Charles McNutt, deputies, were indicted. Collins was convicted on five counts. On appeal the judgments were affirmed. *Collins* v. *State,* 200 Ark. 1027, 143 S. W. 2d 1. McNutt was convicted on three counts and sentenced on each to serve five years in the penitentiary, the sentences to run concurrently.

The appeal questions sufficiency of the evidence. It also alleges that reversible error was committed in denying the defendant the right to examine an audit report compiled by Joe Bond, certified public accountant. This is the same report that featured in the Collins Case. It was there said that the court was mistaken when it ruled that the report was not a public document; but it was further held that the error was waived.

In the case at bar there was no waiver, and appellant should have had access to the report. However, there is this stipulation:

"At the commencement of the trial all books and records of the sheriff and collector's office are present and exhibited in open court for the inspection of the defendant and his counsel."

Prior to the trial the Bond audit report had been in possession of the prosecuting attorney for some time,

and the defendant unsuccessfully moved to require its surrender for inspection purposes.

In response to defendant's motion the state filed a bill of particulars.

While in this case, as in the Collins Case, we are of the opinion that the court erred in not permitting the defendant to have access to the audit report when the accountant was being cross-examined, it is difficult to see how prejudice resulted, in view of the fact that all original records from which the audit was compiled were before the court, accessible alike to the state and to the defendant. There are hundreds of exhibits in the bill of exceptions, including cancelled checks, bank deposit slips, bank statements, departmental reports, the original claim filed with the county by Collins for $144.05 in favor of the sheriff covering "expense of returning prisoners, as per receipts attached," and other primary matters—all of which constituted a part of the original record. That use was made of them is attested by their presence in the record. They substantiate the state's contention. This being true, the defendant was not prejudiced.

We think the evidence was substantial, and therefore the question whether appellant was guilty was for the jury.

Affirmed.