BARNES AND YORK v. STATE.

4568                                    223 S. W. 2d 503

Opinion delivered October 10, 1949.

*C. F. Cooper* and *Oscar Fendler*, for appellants.

*Ike Murry*, Attorney General, and *Robert Downie*, Assistant Attorney General, for appellee.

HOLT, J. Appellants, Barnes and York, Negroes, were convicted of the crime of grand larceny and the punishment of each was assessed at five years in the State Penitentiary. From the judgment is this appeal.

For reversal, appellants have brought forward in their motion for a new trial twenty-nine assignments of alleged errors. While they strenuously contend that the trial court committed reversible error by permitting their alleged confessions to go to the jury, over their objections, we find it unnecessary to determine this issue and the other assignments for the reason that the judgment must be reversed for the error alleged in appellants' fourteenth assignment, which is as follows: "The court erred, over the objections and exceptions of the defendants, in permitting the prosecuting attorney to refer to a statement made by Wilton Austin, who was never called as a witness and who was purportedly in jail with these defendants at the time they were being grilled and questioned; and which witness aforesaid, made statements against these defendants, and after said written statement of said witness, Wilton Austin, was attempted to be read to the jury by the prosecuting attorney, and ruled improper, permitted the prosecuting attorney to ask other witnesses what witness Wilton Austin said relative to these defendants; which was improper, hearsay, and highly prejudicial to the rights of these defendants, and tending to bias, prejudice and inflame the minds of the

jurors, and denying the defendants their constitutional rights of being confronted with the witnesses, both for and against them, as set forth in § 10, Art. 2 of the Constitution of the State of Arkansas, . . . and the right to cross-examine said witness.''

The record reflects that on the night of November 4, 1948, a store building on the outskirts of Blytheville was forcibly entered and a metal safe containing $1,000 in cash and a number of checks was stolen. The safe was found November 7th in a Negro cemetery about a mile from the store. A large hole had been made in its side and the money taken. Suspicion fell upon appellants and another Negro, Wilton Austin, and on November 19th, appellants and Austin were apprehended and held by officers in Hayti, Missouri. The sheriff of Mississippi County, Arkansas, Mr. Berryman, was notified and went to Hayti, took charge of the three suspects and transported them in his car to Blytheville, Arkansas, and placed them in jail. Thereafter, alleged signed confessions were secured from both appellants and also Wilton Austin. Austin for some undisclosed reason was not offered as a witness and did not testify at the trial.

During the course of the trial, after having permitted the confessions of each of the appellants to be read to the jury, over appellants' objection, as indicated, the prosecuting attorney offered in evidence the alleged confession of Wilton Austin, but on appellants' objection, the court properly denied its admission.

Later on in the proceedings, counsel for the State, while cross-examining appellant, Barnes, with the alleged written confession of Wilton Austin before him, proceeded to read certain questions and answers from the Austin confession and interrogate Barnes as to the truth or falsity of Austin's statements and whether he was present when Austin's alleged confession was read to Austin. Much of Austin's testimony detailed in his confession was, in effect, damaging to appellants and tended to point to their guilt, and was allowed to go to the jury, over appellants' objection, on the theory that the jury might consider it for the sole purpose of its effect upon

the credibility of appellants. This was error for the reason that it denied to appellants the constitutional safeguard, vouchsafed them, to be confronted by the witnesses against them (Art. 2, § 10, Constitution of the State of Arkansas) and the privilege of cross-examination of Austin.

In the circumstances, this was hearsay evidence and improperly admitted. Barnes was being cross-examined relative to statements made by Austin in his confession and not by any statements which he, Barnes, was alleged to have made.

Wigmore on Evidence, Third Edition, Vol. 5, at page 3, § 1362, has this to say on the Hearsay rule: "The fundamental test, shown by experience to be invaluable, is the test of cross-examination. . . . 1. The theory of the Hearsay rule is that the many possible deficiencies, suppressions, sources of error and untrustworthiness, which lie underneath the bare untested assertion of a witness, may be best brought to light and exposed by the test of cross-examination. . . . It is here sufficient to note that the Hearsay rule, as accepted in our law, signifies a rule rejecting assertions, offered testimonially, which have not been in some way subjected to the test of cross-examination. . . .

"In the preceding passages, the testing required by the Hearsay rule is spoken of as cross-examination under oath. But it is clear beyond doubt that the oath, as thus referred to, is merely an incidental feature customarily accompanying cross-examination, and that cross-examination is the essential and real test required by the rule. That this is so is seen by the perfectly well-established rule that a statement made under oath (for example, in the shape of a deposition or an affidavit or testimony before a magistrate) is nevertheless inadmissible if it has not been subjected to cross-examination." See, also, 31 C. J. S., p. 919, §§ 192-193.

For the error indicated, the judgment is reversed and the cause remanded.