REESE *v.* HAYWOOD.

5-2760                                        360 S. W. 2d 488

Opinion delivered October 1, 1962.

*John C. Watkins* and *Ward & Lady,* for appellant.

*Kirsch, Cathey & Brown* and *Barrett, Wheatley, Smith & Deacon,* for appellee.

GEORGE ROSE SMITH, J.  This is an action by the appellant for libel.  At the close of the plaintiff's case the court directed a verdict for the defendants.  We have concluded that the peremptory charge was correct, for the reason that the words complained of were not actionable *per se* and there is no substantial proof of special damages.

In 1955 the plaintiff, a farmer, bought about $15,000 worth of farm equipment from the defendant Haywood, doing business as Clay County Implement Company. Reese later returned part of the equipment and contended that there was then a balance of $64 due to him from the seller.  This claim was disputed by Haywood, who insisted

that Reese owed his company a balance of $213.87. The parties were still in disagreement about the matter at the time of the trial.

In 1959 Haywood referred the account to the other defendants, Frost & Frost, who were engaged in the business of disseminating credit information and collecting delinquent accounts. The Frosts published a monthly periodical, called Credit Information Bulletin, in which they listed thousands of overdue accounts, giving the name and address of each debtor, the name and address of his creditor, and the amount supposedly due. The implement company's claim for $213.87 was so listed in several issues of the Bulletin. These statements appeared in the preface to each issue: ''This information is compiled from reports submitted by our subscribers and is believed to be accurate. To the best of our knowledge it does not include disputed accounts. Nothing in this report is to be construed as an accusation that any debtor listed is unwilling to pay his or her just debt.''

In an early case we discussed the distinction between words that are actionable in themselves and those that are not: ''Where the natural consequence of the words is a damage, as if they import a charge of having been guilty of a crime, or of having a contagious distemper, or if they are prejudicial to a person in office, or to a person of a profession or trade, they are in themselves actionable; in other cases, the party who brings an action for words, must show the damage which was received from them.'' *Studdard* v. *Trucks*, 31 Ark. 726.

Damage is not necessarily a natural consequence of the publication of the bare statement that a farmer owes a past-due account to an implement company, with no suggestion of a dishonest or fraudulent refusal to pay. While such a publication might be defamatory in itself in the case of a trader or one in whose business credit is an important asset, the contrary rule prevails where the plaintiff is not a trader. Harper & James, The Law of Torts, § 5.2. In the same vein we have said that an imputation of insolvency is not actionable *per se.*

*Rachels* v. *Deener,* 182 Ark. 931, 33 S. W. 2d 39; see also *Honea* v. *King,* 154 Ark. 462, 243 S. W. 74.

As the words were not actionable in themselves the appellant had the burden of proving actual damages. At the trial he made no claim that his credit had been impaired by the publication. He did testify that he had been humiliated and embarrassed, but he did not attempt to say who, if any one, had witnessed his humiliation and embarrassment, nor did he give any details whatever of his asserted discomfiture. The jury would have been required to resort to speculation and conjecture in order to make an assessment of actual damages on the basis of the plaintiff's bald conclusion of law.

Reese was asked if the published information had come to the attention of his friends and associates, but the court sustained an objection to this line of inquiry, as offending the hearsay rule. The court's ruling was correct, for Reese's knowledge must have come from his friends and associates, none of whom were called to testify. If by any chance Reese had first hand admissible information in the matter it should have been brought to the trial court's attention by an offer of proof, after the defendants' objection had been sustained. No such offer of proof was made.

While it is true that the jury might have made an award of nominal damages upon a mere finding that the published statement was untrue, it is well settled that a failure to award nominal damages is not a sufficient basis for a reversal. *Wells* v. *Adams,* 232 Ark. 873, 340 S. W. 2d 572.

Affirmed.