HENRY HIGGINS *v.* GENERAL MOTORS CORP. ET AL

5-5398          ·         465 S. W. 2d 898

Opinion delivered April 26, 1971

552

*Howell, Price, Howell & Barron,* for appellant.

*Wright, Lindsey & Jennings* and *Barber, Henry, Thurman, McCaskill & Amsler,* for appellees.

FRANK HOLT, Justice. This is a tort action for damages allegedly resulting from a defectively manufactured brake hose. In September 1964, appellant purchased a 1965 Pontiac Catalina from appellee Horace Terry Pontiac Company (doing business at that time as Milner-Terry Pontiac Company). Almost four years and some 16,000 miles later, the Catalina's front brake hose ruptured, thus rendering the hydraulic braking system ineffective and allegedly causing appellant to ram into the rear of another vehicle. In April 1969, or about ten months after the accident, appellant received a recall letter from appellee General Motors Corporation stating that the front brake hoses on some full-size 1965 Pontiacs were subject to fatigue and rupture after extensive usage and should be immediately replaced. The letter further indicated that: "If this condition should exist on either hose, a sudden heavy brake application might cause the brake hose to rupture and result in a loss of hydraulic braking action."

On June 30, 1969, appellant filed suit against both appellees (hereinafter referred to as Terry and General Motors), premising his complaint only on the theory of

strict liability in tort. Terry answered and General Motors demurred. Upon arguments of counsel, the trial court sustained the demurrer and dismissed the complaint as to General Motors, from which ruling appellant does not appeal. Thereafter, Terry filed a cross complaint against General Motors as a third-party defendant for full indemnity or, in the alternative, contribution in the event of an adverse judgment. At about this same time, appellant received a second notice from General Motors warning him of the potential danger of the brake hose originally installed in his Catalina and urging him to have it replaced.

Prior to trial, Terry propounded a "request for admissions" to third-party defendant General Motors. In its answer, General Motors admitted that there existed a possibility of an unexpected rupture of the brake hose and a resulting loss of braking power in certain of its 1965 Pontiacs, including the Catalina model. General Motors objected, however, to the introduction into evidence of either this request or its answer. A ruling on the objection was reserved and the case proceeded to trial with the court sitting as a jury. Appellant attempted to enter the recall letters into evidence, to which both appellees objected. General Motors objected in that appellant had no cause of action against it (the demurrer having been sustained); Terry objected in that the letter:

> * * * is not relevant or an admission against Horace Terry Pontiac, but we don't have any objection to the letter being in evidence itself. We do have an objection to it being considered on the complaint of the plaintiff against Horace Terry. It's not an admission by Horace Terry of anything. That's the only basis for our objection.

Subsequently the trial court ruled that the request for admissions, its answer, and the recall letters were all properly admissible into evidence and so received them.

After considering all testimony and evidence introduced by the parties, the trial court made, in pertinent part, the following findings of fact:

> That said 1965 Pontiac Catalina was in a defective condition in that the flexible front brake hoses did fatigue after extensive usage.

> \* \* \*

> That . . . no evidence shows adnormal or abusive use of the product, or use in a manner not intended by the seller.

> \* \* \*

> That a defective right front brake hose that ruptured was a proximate cause of the collision and the damages sustained by [appellant].

> That [appellant] was not guilty of any negligence that was a proximate cause of his damages.

However, the court also found that there was no allegation or proof that the defect was caused by the negligence of either appellee. The reason for this deficiency was, of course, because appellant chose to proceed under the theory of strict liability which obviates the necessity of proving negligence. Nonetheless, the trial court concluded that since Arkansas law has not yet embraced the rule of strict liability in defective product cases, appellant was not entitled to judgment. Hence this appeal urging for reversal that the tort theory of strict liability should be adopted in products liability cases and, thus, replace the sales theory of warranty.

We think that even if this jurisdiction had previously adopted the theory of strict liability in tort for defective products, appellant still could not have prevailed because of his failure to have effectively proven a pre-existing defect by admissible and competent evidence.

Generally speaking, strict liability simply eliminates the necessity of proving negligence as a prerequisite to recovery for injuries received from defective products. See, *e. g., Putman* v. *Erie City Mfg. Co.,* 338 F. 2d 911 (5th Cir. 1964); *Santor* v. *A & M Karagheusian, Inc.,* 44

N. J. 52, 207 A. 2d 305 (1965). However, a plaintiff must still prove a defect in design or manufacture which was a proximate cause of his injury. This imposes upon him the burden of proving that the product was in a defective condition at the time it left the hands of the particular seller. See Comment (g), Restatement Torts, Second, § 402(a). In the absence of direct proof that the product is defective because of a manufacturing flaw or inadequate design, plaintiff must negate the other possible causes of failure of the product for which the defendant would not be responsible in order to raise a reasonable inference that the dangerous condition existed while the product was still in the control of the defendant. See *Jakubowski* v. *Minnesota Mining & Mfg.*, 42 N. J. 177, 199 A. 2d 826 (1964). Otherwise, proof of proximate causation would be reduced to rank speculation [see *Delta Oxygen Co.* v. *Scott*, 238 Ark. 534, 383 S. W. 2d 885 (1964)]; and this clearly is not an objective of strict liability.

In the case at bar, appellant is now prosecuting his claim only against appellee Terry, the distributor or retailer. The admissions which Terry elicited in its request for admissions as part of its third-party action were binding only on General Motors. See *Young, Adm'r.* v. *Dodson*, 239 Ark. 143, 388 S. W. 2d 94 (1965). Similarly, the recall letters were not proper evidence against Terry. When the letters were proffered by appellant, Terry responded by urging the propriety of their introduction for the limited purpose of substantiating its third-party complaint against General Motors, but specifically objected to their relevancy or competency (since they were admissions only by and solely against General Motors) as evidence for appellant's claim against appellee Terry. The trial court tentatively allowed the letters into evidence; and subsequently, in its written conclusions of law, found the letters to be admissible. It is unclear whether the court intended this evidence to be admitted only for the limited purpose urged by Terry. But since no such specific delimitation was expressed, we may assume that the recall letters issued by General Motors were also admitted against Terry. If so, we cannot agree.

Although the letters were certainly relevant to the issue of a pre-existing defect in the brake hoses, they were not competent as against Terry in view of the restrictive objection. The letters emanated from a source other than the party against whom they were sought to be introduced. As such, absent a showing that they were adopted by or otherwise binding upon it, the contents of the letters of recall constituted mere hearsay and *res inter alios acta* as to Terry. See, *e. g., Central Mfg. Co. v. St. Louis-San Francisco Ry. Co.,* 394 F. 2d 704 (8th Cir. 1968); *Southern Express Co. v. Todd,* 56 F. 104 (8th Cir. 1893). See, also, 31A C. J. S. Evidence § 318. However, the admissions contained in the letters were clearly competent for the limited purpose of Terry's third-party action against General Motors.

Since neither the answer of General Motors to the request for admissions nor the recall letters were competent evidence by appellant against Terry, appellant's proof is deficient that the brake hoses were in a defective condition at the time he purchased the Catalina from the dealer. The evidence does not sufficiently negate the possibility that the rupture resulted from normal wear and tear or discount other various contingencies which may have caused the rupture for which the seller could not be held responsible under a theory of strict liability. Thus, there was neither competent direct proof of a pre-existing defect, nor any other proof from which there could properly arise a reasonable inference that a dangerous condition existed while the Catalina was still in the control of Terry. Consequently, we need not at this time determine the propriety of judicially accepting or rejecting strict tort liability in this jurisdiction for defective products, for even under that theory appellant could not have prevailed. Moreover, appellant cannot prevail under traditional tort concepts since he neither alleged nor proved negligence on the part of Terry. It follows that the judgment below must be affirmed and the case dismissed as to appellee Terry and, also, as to appellee General Motors on the cross complaint.

Affirmed.