## Roy Lee ROBINSON v. STATE of Arkansas

CR 73-96                                    500 S.W. 2d 929

Opinion delivered November 13, 1973

*Guy H. Jones,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. The appellant's first trial upon a murder charge resulted in a hung jury. At a second trial he was found guilty of involuntary manslaughter and sentenced to imprisonment for one year. Officer Vonnie Taylor had testified at the first trial, but he was not available at the second. The defense sought to introduce Officer Taylor's earlier testimony, but the court excluded parts of it as hearsay. Asserted error in that ruling is now relied upon for reversal.

Officer Taylor investigated the homicide, which occurred in a cafe in Conway. The number and type of weapons involved in the affray were critical facts. At the second trial the court excluded certain questions and answers, such as the following excerpt from the record made at the first trial:

Q. [By Mr. Jones, a defense attorney.] And did you get any information from Gloria Burgess about any weapons?

A. Yes, sir.

Q. Not what she said, but did you get any information from her?

A. Yes, sir.

Q. And from her, how many weapons did you get information about?

A. Two.

Q. And what where they?

A. A knife and a gun.

Mr. Streett [the prosecutor]: If it please the Court, now Mr. Jones is doing exactly what the Court instructed him not to do. This witness can't testify what somebody else said.

Mr. Jones: I did not ask that.

The Court: Ladies and gentlemen of the jury, disregard any testimony at all of this witness, or any other witness, based upon hearsay. If the defendant did not say it, or if it was not said in the presence of the defendant, forget about it. Go ahead.

No error appears. Counsel seems to have been under the impression that the hearsay rule can be avoided by asking for the substance of an out-of-court statement rather than for an exact quotation. The rule cannot be evaded in that way. McCormick on Evidence, § 249 (2d ed., 1972). The prohibition against hearsay would cease to exist if it could be so easily circumvented.

It is also argued that there was no objection by the State to the testimony when it was given at the first trial. We have quoted the objection and the court's ruling that the testimony should not be considered by the jury. Even though the witness answered the questions before the objection was made, the delay of a few

seconds was not sufficient to warrant our holding that the trial court abused his discretion in sustaining the objection. See *Warren* v. *State,* 103 Ark. 165, 146 S.W. 477, Ann. Cas. 1914B, 698 (1912), and *Clardy* v. *State,* 96 Ark. 52, 131 S.W. 46 (1910).

Affirmed.