## FARM BUREAU MUTUAL INSURANCE
### Company of Arkansas, Inc. *v.* James
### D. HORNE

74-20                                    510 S.W. 2d 70

### Opinion delivered May 28, 1974
[As amended on Denial of Rehearing June 24, 1974.]

*Laser, Sharp, Haley, Young & Boswell,* for appellant.

*John M. Lofton Jr.* and *Fulk, Lovett & Mayes,* for appellee.

LYLE BROWN, Justice. This appeal is from a judgment against appellant, Farm Bureau Mutual Insurance Company of Arkansas, Inc., in favor of appellee, James D. Horne, on a marine insurance contract. The issues in the trial court were whether there was a theft of appellee's boat and motor after the insurance contract went into effect, and if so, the fair market value of the lost property within the limits of the coverage afforded. On appeal it is argued (1) that the court erred in allowing certain testimony which tended to show the property was stolen after the effective date of the contract, and (2) that the assessed damages of $2,550 were in excess of the contractual coverage.

There were two different versions of the effective date of the insurance. Appellant contended that the insurance became effective by binder dated noon, May 9, 1970. Appellee contended that agent John Harton, by telephone, accepted coverage on May 4, 1970. As far as we can tell no insurance policy was ever issued because the alleged theft oc-

curred within such short time after the effective date of the binder.

It was appellee's contention the boat and motor were stolen from a dock near Hot Springs sometime in the afternoon of May 9. Appellee said he found the boat and motor missing about 6:30 p.m. on that date. He said the ropes had been cut. The manager of the marina, Ray L. Pascal, testified he had around 160 boats in his care and that they were checked twice daily for thefts. He said that on May 9 he checked the boats early in the morning and appellee's boat was in its stall. He testified that two rounds of inspection were regularly made each day, and that such practice was a part of his regular course of business. He said the afternoon check was made on Saturday, May 9, by one of his employees; that if a boat had been missing that fact would have been reported to him (Pascal); and that he received no notice that any boat was missing from its stall. Appellant timely objected to the last recited testimony, and contended particularly that it violated the hearsay rule. Appellant here contends that reversible error was committed in admitting the testimony. We agree.

Wigmore, 3rd Ed., Evidence, beginning at § 1521, discusses the most common exceptions to the hearsay rule, the principal one being entries made in the regular course of business. Then in § 1528 he relates the general rule to be that such statements to be admissible must be written as opposed to oral. Had the witness Pascal attempted to testify that his afternoon inspector came to him and related that no boats were missing, it would clearly have been hearsay. We think the same rule should be applied when Pascal offered to testify that no report of a missing boat was made to him by the inespector. The evil is the same in either situation. Giving his testimony in negative form creates the same handicap for appellant had the testimony been in the affirmative form; appellant was deprived of cross-examining the inspector who is alleged to have made the afternoon inspection. See Wigmore, *supra* § 1362, and *Barnes and York v. State,* 215 Ark. 781, 223 S.W. 2d 503 (1949).

An Arkansas case somewhat in point is *Railway Express Agency* v. *Shull,* 224 Ark. 476, 275 S.W. 2d 882 (1955). Shull

claimed damages to a shipment of strawberries. A witness for Railway Express offered to testify that he talked with strawberry growers in Shull's territory and that they made no complaints as to their shipments being damaged. The trial court excluded the testimony. This court sustained the ruling, holding among other things, that the answer would fall within the hearsay category. Also, see *Siegel* v. *Penny & Baldwin,* 176 Ark. 336, 2 S.W. 2d 1082 (1928). Appellee bought some water pipe from appellant and sued for damages, alleging the pipe was not in serviceable condition. This court held that the trial court properly excluded appellant's testimony to the effect that appellant had sold pipe to other customers who made no complaint. Also, see *Reese* v. *Haywood,* 235 Ark. 442, 360 S.W. 2d 488 (1962). In that libel suit appellant sought to testify that the published defamatory information came to the attention of his friends and associates. We agreed with the trial court that the proffered testimony offended the hearsay rule.

Since the case is remanded for new trial, we need not treat the other point.

Reversed and remanded.