## SOUTHERN FARM BUREAU CASUALTY INSURANCE
### Company *v.* J. M. PUMPHREY

74-51                                        510 S.W. 2d 570

Opinion delivered June 24, 1974

*Laser, Sharp, Haley, Young & Boswell,* for appellant.

*John W. Cole,* for appellee.

FRANK HOLT, Justice. Appellant issued to appellee its automobile liability insurance policy which included uninsured motorist coverage. Appellee was injured when his car collided with one driven by an uninsured motorist. A jury awarded appellee damages and on appeal the only contention for reversal is that the trial court erred in permitting appellee's treating physician to testify that nothing in a written report of an examination made by another doctor was inconsistent with the treating physician's testimony as to appellee's injuries.

The treating physician, a general practitioner, referred appellee to a bone specialist who made the requested examination and forwarded his written report to his fellow doctor. At trial the court properly sustained appellant's objection to the treating doctor's testimony as to what the specialist's report "stated." Neither the communication to the treating physician nor its contents were admissible in evidence since the specialist was not present to testify and subject to the test of cross-examination. *New Empire Ins. Co.* v. *Taylor,* 235 Ark. 758, 362 S.W. 2d 4 (1962). However, even though what the written report "stated" was held to be inadmissible, the treating physician was then permitted to testify that the written report forwarded to him concerning appellee's injuries was not inconsistent with his own testimony. Unquestionably it would be hearsay had the witness attempted to testify that, based upon what the specialist told him, the specialist's report was not inconsistent with his own. We are constrained to hold that the approach allowed at trial is im-

permissible inasmuch as it was doing indirectly what could not be done directly, i.e., a circumvention of the hearsay evidence rule. *Robinson* v. *State*, 255 Ark. 485, 500 S.W. 2d 929 (1973). In the case at bar, the procedure denied the appellant the right to subject the absent doctor to cross-examination as to his written report to the physician-witness. Furthermore, the testimony that the specialist's written examination report was not inconsistent with the treating physician's finding made it possible to present that argument to the jury which would bolster and corroborate the opinion of the physician-witness. As was said in *New Empire Ins. Co.* v. *Taylor, supra,* "*** there was nothing to prevent [appellee] from either taking the deposition of the [absent doctor] or having him present in the court room to testify" which would have given the jury the benefit of his expert opinion. As indicated, we must agree with the appellant that the procedure was impermissible and prejudicial.

Neither can we agree with the appellee that the written report made by the specialist and forwarded to the treating physician comes within the purview of Ark. Stat. Ann. § 28-928 (Repl. 1962) which permits the admissibility of writings when made in the regular course of a business. We do not interpret the business record statute as being intended by the legislature to encompass such a communication as in the case at bar.

Reversed and remanded.