Leonard PONDER and WEST & Co., INC.
*v.* Hazel WATERS

74-252                                             520 S.W. 2d 302

Opinion delivered March 31, 1975

*Coleman, Gantt, Ramsay & Cox*, for appellants.

*W. P. Switzer*, for appellee.

JOHN A. FOGLEMAN, Justice. Appellee Hazel Waters brought this sut alleging that she was physically assaulted by Leonard Ponder, manager of the department store of West & Company at Crossett, at which she was an employee. This appeal was taken from an $18,000 judgment in her favor resulting from a jury trial. We reverse and remand for a new trial.

Dr. R. L. Sabb of Crossett had been Mrs. Waters' physician for a number of years. He treated her for injuries she alleged were inflicted by appellant Ponder. He expressed his opinion as to the cause of the condition he diagnosed and treated. On cross-examination appellant's attorney asked to see a report Dr. Sabb had in his pocket. The witness replied that this report had not been subpoenaed and that it was hospital property. Even when the examiner insisted on seeing the doctor's own records, the witness responded that they had not been subpoenaed. Throughout his direct examina-

tion the witness had refreshed his memory from his office records and a report from a Dr. Hartmann.

It seems to be generally accepted by respected writers and by the weight of authority that where a writing is used by a witness on the stand to refresh his memory while testifying, the cross-examiner is entitled, upon request, to inspect the writing as a protection against imposition, and as a means of detecting circumstances not appearing on the surface, of searching out discrepancies, and of detracting from the credibility of the witness and the weight of his testimony, through cross-examination. III Wigmore on Evidence (Chadbourn Rev.) 136, § 762; 4 Jones on Evidence (6th Ed.) 258, § 27:4; McCormick on Evidence (2d Ed.) 17, § 9; Annot 82 ALR 2d 557 (1962).

We have recognized that it is error to refuse to allow the cross-examiner to inspect a writing used by a witness to refresh his memory while on the stand, although we have found that the refusal may not be reversible error where the right was waived or where it was manifestly not prejudicial. *Collins* v. *State*, 200 Ark. 1027, 143 S.W. 2d 1; *McNutt* v. *State*, 201 Ark. 313, 144 S.W. 2d 1094. We have also recognized that when the witness has, before testifying, refreshed his memory but an out-of-court inspection of memoranda or records but does not use or have the writings in court, the matter of requiring the witness to produce them for inspection lies within the sound judicial discretion of the trial judge whose action will not be reversed unless there has been an abuse of that discretion. *Peters* v. *State*, 248 Ark. 134, 450 S.W. 2d 276.

The trial judge in this case had no discretion in the matter and there was no waiver of the right. It is to be assumed that the error was prejudicial, unless it manifestly was not or is shown not to be. The lack of prejudice is neither manifest nor established.

Although the error on this score mandates reversal of the judgment, appellant has raised another point that merits discussion as one likely to arise on a new trial. During the course of the trial, and on direct examination, Mrs. Waters was ask-

ed if she was drawing disability social security and, when she answered in the affirmative, she was asked when she was declared totally disabled by the Social Security Administration. When objection was made, appellee's attorney urged that the anticipated testimony was relevant to alleged loss of earning capacity resulting from the alleged assault on December 9, 1971, and to show that Mrs. Waters was totally disabled. The circuit judge permitted the inquiry to be pursued, stating that he would instruct the jury to disregard the testimony unless it was "tied in" with the complaint. After Mrs. Waters again testified that she was drawing disability social security and stated the amount, the objection was renewed but the testimony was permitted when appellee's attorney stated that he did not care about the adjudication of disability but only wanted to show the difference in income from her salary with West and the amount she was receiving from social security at the time of trial.

Of course, appellee could show the difference in her income, but the question whether she was disabled as a result of the alleged assault was very much in issue. The testimony of the representative of the Social Security Administration making the determination of disability that such a finding had been made would probably have been inadmissible as hearsay. Either a statement of such a witness not based upon his own knowledge or the testimony of appellee that she had been found to be disabled by such an agency would derive its value, not from the credit to be given the witness testifying, but from the veracity, competency and knowledge of some other person or persons. *Southern Farm Bureau Casualty Insurance Co. v. Reed,* 231 Ark. 759, 332 S.W. 2d 615; *Roberts v. Roberts,* 216 Ark. 453, 226 S.W. 2d 579; *Progressive Life Insurance Co. v. Hulbert,* 196 Ark. 352, 118 S.W. 2d 268; *Rice v. Moudy,* 217 Ark. 816, 233 S.W. 2d 378; *Lee Rubber & Tire Co. v. Camfield,* 233 Ark. 543, 345 S.W. 2d 931; *Southern Insurance Co. v. Floyd,* 174 Ark. 372, 295 S.W. 715. *Sloan v. Newman,* 166 Ark. 259, 266 S.W. 257; *Mason v. Mason,* 167 Ark. 304, 267 S.W. 772. See also, *Southern Farm Bureau Casualty Insurance Co. v. Pumphrey,* 256 Ark. 818, 510 S.W. 2d 570 (1974); *Farm Bureau Mutual Insurance Co. of Arkansas v. Horne,* 256 Ark. 642 510 S.W. 2d 70 (1974); *Barnes and York v. State,* 215 Ark. 781, 223 S.W. 2d 503; *New Empire Insurance Co. v. Taylor,*

235 Ark. 758, 362 S.W. 2d 4; *Higgins* v. *General Motors Corp.,* 250 Ark. 551, 465 S.W. 2d 898. Showing that Mrs. Waters had been found to be disabled for social security purposes is improper.

The judgment is reversed and the cause remaded for a new trial.