Staci COCHRAN, Lon Cochran, and A.N.C. *v.*
ARKANSAS DEPARTMENT OF HUMAN SERVICES,
Division of Children and Family Services, Allison Hickey,
and SCAN, Inc.

CA 92-1404                                    860 S.W.2d 748

Court of Appeals of Arkansas
Division I
Opinion delivered September 22, 1993

*Autrey & Autrey*, by: *L. Wren Autrey*, for appellant.

*Steve C. Jennings*, for appellee.

JAMES R. COOPER, Judge. The appellee, Arkansas Department of Human Services, brought an action on June 22, 1992, to remove the custody of A.N.C., a minor child, from Lon Cochran, her father, and declare the child to be dependent-neglected. After

hearings on September 3, 1992, and September 18, 1992, custody of the minor child was removed from the father; she was declared dependent-neglected and placed with a relative. From that decision, comes this appeal.

For reversal, the appellants contend that the trial court erred in admitting into evidence certain out-of-court statements made by the child to a Department of Human Services employee. We agree, and we reverse.

The Department of Human Services employee, Allison Hickey, testified that, in the course of her duties as the Director of SCAN, she investigated a complaint that A.N.C. had been sexually abused by her father. After testifying on direct examination that she had interviewed A.N.C., Ms. Hickey was asked what A.N.C. had told her during the course of the interview. The defense counsel objected to such testimony on the grounds that it would be inadmissible hearsay. The defense further argued that, even if the testimony was considered to be an admission by a party opponent under Rule 801(d)(2), such testimony could not be used against the father because he was a co-defendant. The trial court overruled the objection and permitted the testimony as an admission by a party opponent. We hold that the trial judge erred in so ruling.

Rule 801(d) of the Arkansas Rules of Evidence provides that a statement is not hearsay if it is an admission by a party opponent, defined as a statement offered against a party which is:

> (i) his own statement, in either his individual or a representative capacity, (ii) a statement of which he has manifested his adoption or belief in its truth, (iii) a statement by a person authorized by him to make a statement concerning the subject, (iv) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (v) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

The crux of the appellant's argument is that the statement made by the child is not the statement of the co-defendant father; therefore, they argue, subsection (i) does not apply and the statement does not constitute an admission by a party opponent

under the Rule. We agree.

■ It is generally held that the admissions of one co-plaintiff or co-defendant are not receivable against another, merely by virtue of his position as a co-party in the litigation. 4 *Wigmore on Evidence* § 1076 (Chadbourn rev. 1972).

The best exposition of the rule is found in C.J.S., where it is stated that:

> As a general rule, admissions of one of two or more coparties are competent against declarant . . . and they are not to be excluded merely because in terms they also affect a coparty, or because they may have an ulterior or collateral effect detrimental to a coparty.

> Where, however, the interests of coparties are all dependent on the existence of a particular fact, the admission of one of them with respect to such fact cannot be received, because it could have no effect as to himself without affecting the others.

31A C.J.S. *Evidence* § 318(a).

■ The rule of exclusion applies especially where the coparties, although nominally on the same side in the litigation, actually have adverse interests. *See generally* 4 *Wigmore on Evidence* § 1076. This general principle was employed in the Arkansas case of *Bryant* v. *Lewis*, 201 Ark. 288, 144 S.W.2d 37 (1940). There the issue was whether the contents of an affidavit by a co-defendant were admissible against the other co-defendant. The Supreme Court held that they were not, and explained its reasoning as follows:

> It must be remembered in this case that the interests of William Lewis and Mittie Lewis are hostile. The fact that William Lewis' answer was verified does not make its contents evidence against Mittie Lewis. At most it is but an affidavit, or statement made under oath, by William Lewis in the absence of appellee, Mittie Lewis, who was deprived of the privilege of cross-examination and is in no sense binding upon her, or evidence against her.

*Bryant* v. *Lewis*, 201 Ark. at 291. A similar situation was presented in *Higgins* v. *General Motors Corp.*, 250 Ark. 551, 465

S.W.2d 898 (1971). There the trial judge permitted GM's admission of a product defect into evidence against the dealership, which was GM's co-defendant. The Supreme Court stated that:

> Although the letters were certainly relevant to the issue of a pre-existing defect in the brake hoses, they were not competent against Terry in view of the restrictive objection. The letters emanated from a source other than the party against whom they were sought to be introduced. As such, absent a showing that they were adopted by or otherwise binding upon it, the contents of the letter of recall constituted mere hearsay and *res inter alios acta* as to Terry.

*Higgins*, 250 Ark. at 556.

In the case at bar, the father and child, although nominally coparties, have interests that are in reality adverse; moreover, the child's statements went to the heart of the dispute and the appellant never acquiesced in or adopted them. Under the rules cited above, the trial court erred in allowing the child's statements into evidence against the appellant.

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROBBINS and MAYFIELD, JJ., agree.