Paul LOVELL *v.* James BEAVERS

98-1357                                    987 S.W.2d 660

Supreme Court of Arkansas
Opinion delivered March 11, 1999

*George Bailey*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Alfred F. Angulo, Jr.*, and *Brian Allen Brown*, for appellee.

Robert L. Brown, Justice. Appellant Paul Lovell appeals from a judgment in favor of appellee James Beavers following a jury trial on the issue of damages. Lovell raises one point on appeal — that the trial court abused its discretion in excluding medical records from evidence that should have been admitted under Arkansas law and our Rules of Evidence. We affirm the ruling of the trial court.

On April 7, 1992, Lovell, age 12, was injured when Beavers backed into the car in which he was a passenger. Lovell filed suit against Beavers, and after Beavers failed to answer in timely fashion, the trial court entered a default judgment in favor of Lovell. The case then proceeded to trial on the issue of damages. The first trial on the matter resulted in a declared mistrial before the jury was seated.

Prior to the second trial, Beavers filed a motion *in limine* seeking to exclude certain medical records of Arkansas Children's Hospital (ACH). In his response to this motion, Lovell claimed that the medical records should be admitted because they were being offered under Rule 803(6) of the Arkansas Rules of Evidence as well as under the Hospital Records Act of 1995. After a hearing on the matter, the trial court ruled that the only medical records that could be introduced at trial were those that Dr. Krishna Reddy, a treating physician of Lovell's, had referred to in his deposition. The trial court further ruled that all other medical records not referred to by Dr. Reddy, including certain ACH medical records, were inadmissible.

After the trial on damages, the jury returned a verdict in favor of Lovell's father for Lovell's premajority expenses in the amount of $3,500. The jury then found in favor of Beavers on the issue of Lovell's damage claim. It is from that judgment in favor of Beavers that Lovell appeals.

In deciding whether the trial court abused its discretion in excluding certain ACH medical records, we first look at the records in question. The disputed medical records include various physician reports, notes, observations, and opinions over a five-

year period. The referenced and treated conditions include an MRI of the cervical spine, headaches, nerve palsy, back pain, neck pain, and elevated high blood pressure that may have been attributable to the 1992 accident. There was also a notation about a second motor vehicle accident, where Lovell's car was rear-ended in 1997.

Lovell's counsel sought to introduce these ACH records, not referred to in the Reddy deposition, without calling the treating physicians as witnesses who made those records. His primary rationale for doing so was his contention that Rule 803(6) of the Rules of Evidence permits the introduction of business records kept "in the course of regularly conducted business activity." His second basis for admissibility was the Hospital Records Act of 1995, codified at Ark. Code Ann. § 16-46-108 (Supp. 1997), which states that medical records kept as required by Rule 803(6) "shall be admissible in evidence," if accompanied by an affidavit of the custodian of the records and proper notice is given to the opposing party. Stated simply, Lovell's position is that this authority mandates the admissibility of medical records that are authenticated, even in the absence of the treating physician to explain the notes or reports.

The response of Beavers before the trial court and in this appeal is that irrespective of Rule 803(6) and § 16-46-108, the trial court still retains the power to weigh the relevance of the evidence in question against the potential for juror confusion. Here, the jury, according to Beavers, would have had unexplained medical reports, and Beavers would have been denied cross-examination of the medical witnesses who made those reports. The trial court agreed with Beavers's reasoning and ruled that the ACH medical records, without a witness to explain them, would have been confusing to the jury and caused misunderstanding.

■ ■ This court uses an abuse-of-discretion standard in reviewing evidentiary errors and has held that the trial court has broad discretion in making its evidentiary rulings. *Parker v. State*, 333 Ark. 137, 968 S.W.2d 592 (1998). A trial court's rulings on

evidence will not be reversed unless the appellant can show that there has been a manifest abuse of discretion. *Id.*

■ Rule 403 of the Arkansas Rules of Evidence provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." This court has held that Rule 403 "allows a trial court to exclude relevant evidence if its probative value is outweighed by the possibility of confusion of issues. This weighing is left to the trial court's sound discretion and will not be reversed absent a showing of manifest abuse." *Bohanan v. State,* 324 Ark. 158, 166, 919 S.W.2d 198, 203 (1996).

The case of *Southern Farm Bureau v. Pumphrey,* 256 Ark. 818, 510 S.W.2d 570 (1974), has facts somewhat analogous to the facts in the case at hand.[1] In *Pumphrey,* the appellee was injured in an automobile accident with an uninsured motorist. At trial, the trial court allowed appellee's treating physician to testify that nothing in a written report of an examination made by another doctor was inconsistent with the treating physician's testimony as to appellee's injuries. On appeal, this court observed that the trial court properly sustained appellant's objection to the treating doctor's testimony as to what the specialist's report stated because "neither the communication to the treating physician nor its contents were admissible in evidence since the specialist was not present to testify and [be] subject to the test of cross-examination." *Id.* at 819, 510 S.W.2d at 571. We went on to hold that the trial court erred in allowing the treating physician to testify that the specialist's report was not inconsistent with his own testimony, because the trial court allowed appellee to do "indirectly what could not be done directly." *Id.* at 820, 510 S.W.2d at 571.

---

[1] The *Pumphrey* case was decided prior to the enactment and adoption of the Arkansas Rules of Evidence, but a statute similar to Rule 803(6) was in effect at the time. *See* Ark. Stat. Ann. § 28-928 (1962). That statute allowed for the admissibility of writings when made in the regular course of business.

McCormick's treatise on evidence agrees with our reasoning in the *Pumphrey* case:

> [A]dmissibility of all such entries [under Rule 803(6)] is not assured. First, where there are indications of lack of trustworthiness, which may result from a lack of expert qualification or from lack of factual support, exclusion is warranted under the rule. Moreover, inclusion of opinions or diagnoses within the rule only removes the bar of hearsay. In the absence of availability of the expert for explanation and cross-examination, the court may conclude that probative value of this evidence is outweighed by the danger that the jury will be misled or confused. This is of particular concern if the opinion involves difficult matters ·of interpretation and a central dispute in the case, such as causation. Under these circumstances, a court operating under the Federal Rules, like earlier courts, is likely to be reluctant to permit a decision to be made upon the basis of an un-cross-examined opinion and may require that the witness be produced.

MCCORMICK ON EVIDENCE § 293 (John W. Strong, Ed., 4th ed. 1992) (*citing Raycraft v. Duluth, Missabe and Iron Range Ry. Co.,* 472 F.2d 27 (8th Cir. 1973)) (proper exercise of discretion by trial court to exclude complex diagnostic reports when author not available for cross-examination). A second treatise concurs with McCormick's analysis. In Modern Evidence, the authors state: "Where the physician who made the diagnosis testifies, or where another with firsthand knowledge testifies, admitting reports reflecting difficult, elaborate, or unusual diagnoses seems easier to justify. Without such testimony, risks of confusing the issue or misleading the jury are likely to justify exclusion under FRE 403." CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, MOD-ERN EVIDENCE § 8.45 (1995).

Other courts have not hesitated to exclude medical records, if fairness, confusion or trustworthiness are at issue. In *Nauni v. State,* 670 P.2d 128 (Okl. Cr. 1983), the Oklahoma Court of Criminal Appeals upheld the decision of the trial court in excluding psychiatric opinions and diagnoses sought to be admitted without a testifying witness because "diagnosis of mental conditions is a subjective and abstract process. . . . [T]he probative

value of this evidence is substantially outweighed by the danger of unfairness in the absence of cross-examination." *Id.* at 131. In the same vein, the Superior Court of New Jersey has held that a trial court did not abuse its discretion in excluding portions of hospital records in which non-testifying physicians made certain conclusions regarding the extent of the plaintiff's injuries. *Nowacki v. Community Med. Ctr.*, 652 A.2d 758 (N.J. Super A.D. 1995). In *Nowacki*, the Superior Court said: "The records involved a complex diagnosis involving the critical issue in dispute, as opposed to an uncontested diagnosis or insignificant issue. This is not a case like *Blanks v. Murphy*, 268 N.J. Super. 152, 164, 632 A.2d 1264 (App. Div. 1990) where '[t]he included hearsay to which plaintiff objected was a straightforward observation of a treating physician.'" *Id.* at 762.

In the instant case, the trial court was clearly concerned about the jury's ability to assimilate relevant information from complex, unexplained medical records. This court has stated that a trial court had wide discretion in determining the admissibility of evidence, and the court in this case was attempting to balance that discretion with the relevant rules of law. Of course, the medical records at issue fall within both the Hospital Records Act and Rule 803(6) of the Arkansas Rules of Evidence. However, the fact that a piece of evidence falls within an exception to the rule against hearsay does not equate to automatic admissibility. To prevent possible prejudice or confusion, a trial court must still have the authority to exclude a record under Rule 403. We cannot say that the trial court abused that discretion in the instant case.

Affirmed.

GLAZE and IMBER, JJ., not participating.