The Honorable Cecile Bledsoe State Representative P.O. Box 2457 Rogers, Arkansas 72757-2457
Dear Representative Bledsoe:
I am writing in response to your request, on behalf of a constituent, for an opinion on the following question, which your constituent has asked you to pose verbatim:
 Can it be authentically documented that Public Officials and/or Judges of the various courts . . . Municipal (aka District) Circuit, etc . . . are authorized by law to disregard International Law (TIAS 10072), FRCP/ARCP Rule 44(a)(2), FRCrP 27, Fed.R.Evid./ARE 902(3), ACA 25-16-403(e)(2), ACA 25-19-101 thru 109, ACA 14-54-1410 and public documents received per ACA 25-19-105(h) and if so, please document?
RESPONSE
I am uncertain as to the exact focus of this inquiry.
Most of the legal provisions cited above pertain to the authentication of foreign documents for purposes of admissibility in court proceedings. The International law provision cited ("TIAS 10072"),[1] is the citation to the "Convention Abolishing the Requirement of Legalization for ForeignPublic Documents," which was authored at the Hague in 1961, and ratified by the United States in 1981. It is attached to F.R.C.P. 44. Both Federal Rule of Civil Procedure 44 and Arkansas Rule of Civil Procedure 44 are entitled "Proof of Official Record" and subsection (a)(2) of each governs authentication of official records of foreign countries. Federal Rule of Criminal Procedure 27 is entitled "Proof of Official Record," and it provides for authentication of official records in the same manner as in civil actions. Federal Rule of Evidence and Arkansas Rule of Evidence 902(3) govern self-authentication of foreign public documents. Arkansas Code Annotated 25-16-403(e)(2) requires the Secretary of State to "certify the copies under his hand and affix the seal of his office thereto." It also provides that "the copies so authenticated shall be received in evidence in any court in this state with like effect as the original." Arkansas Code Annotated 25-19-101 to -109 is the codification of the "Arkansas Freedom of Information Act," which governs the holding of public meetings and the accessibility of public records by citizens of this state. Arkansas Code Annotated 14-54-1410 is entitled "Operation of golf carts on city streets," and it empowers an Arkansas municipality to, by ordinance, authorize owners of golf carts to operate them on city streets under certain circumstances. The final statute cited, A.C.A. §25-19-105(h), is a provision contained in the Arkansas Freedom of Information Act that requires certain settlement agreements entered into by state agencies to be deemed public records for purposes of that statutory chapter.
Frankly, I am at a loss to imagine a court proceeding in which each of the international, state and federal, civil and criminal provisions cited above would apply. I will note that under applicable Arkansas law, the fact that a document is properly authenticated is not tantamount to a legal right to its admission in a court proceeding. See e.g., Lovell v.Beavers, 336 Ark. 551, 987 S.W.2d 660 (1999) (upholding trial court's refusal to admit medical records even though the "Hospital Records Act of 1995" states that such records "shall be admissible in evidence" and stating that: "the fact that a piece of evidence falls within an exception to the rule against hearsay does not equate to automatic admissibility. To prevent possible prejudice or confusion, a trial court must still have the authority to exclude a record under Rule 403.") Under Arkansas law, evidence that is not relevant is not admissible. (Arkansas Rule of Evidence 402). Even if evidence is relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. (Arkansas Rule of Evidence 403).
If your constituent is unhappy with the actions of a judge in this regard, the remedy is to appeal the court's ruling.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] "TIAS" refers to the "International Treaty and Agreement Service," a reporting service for international law. The Convention is also properly cited as 527 UNTS 189, as reported by the "United Nations Treaty Service."