DISCOVER BANK *v.* Patricia A. POMMELL

CA 08-54                                     286 S.W.3d 735

Court of Appeals of Arkansas
Opinion delivered September 3, 2008

*Southern & Allen Law Firm*, by: *Kate Bridges*, for appellant.

No response.

SAM BIRD, Judge. Appellant Discover Bank appeals from an order of the Poinsett County Circuit Court granting appellee's motion for directed verdict and dismissing appellant's complaint with prejudice. The issue on appeal is whether the circuit court abused its discretion in failing to allow appellant to introduce certain evidence under a statutory exception to hearsay. We hold that the circuit court did abuse its discretion, and we reverse the court's order dismissing appellant's complaint.

This case began when appellant sued appellee Patricia Pommell for credit-card debt allegedly owed by appellee to appellant. At trial, appellant moved to introduce into evidence an affidavit of its account manager and attached business records pursuant to Arkansas Code Annotated section 16-46-108, which allows the introduction into evidence of "[a]ny record or set of records or photographically reproduced copies of such records which would be admissible under Rule 803(6) or (7) of the Arkansas Rules of

Evidence . . . upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7) that such records attached to such affidavit were in fact so kept as required" by the rules. Ark. Code Ann. § 16-46-108(a)(1) (Repl. 1999). Appellee objected to introduction of the affidavit and records, claiming the documents were hearsay. The circuit court sustained the objection, stating that "it might be different if you had someone here" to testify as to the account statements. When no testimony or additional evidence was offered by appellant, appellee moved for a directed verdict, which the circuit court granted. In its order dismissing appellant's complaint, the circuit court found there was no testimony introduced in the matter and that it had sustained appellee's objection to the only documents offered into evidence by appellant. Appellant brings this appeal from the circuit court's order.

Appellant contends that the affidavit of its account manager and attached documents were admissible under Ark. Code Ann. § 16-46-108 and that the circuit court erred in finding otherwise. The admission of evidence is left to the sound discretion of the trial court, and we will not reverse the trial court's ruling absent a manifest abuse of that discretion. *Metzgar v. Rodgers*, 83 Ark. App. 354, 374, 128 S.W.3d 5, 18 (2003).

While appellee filed no brief with this court, at trial appellee argued that the Arkansas Supreme Court promulgates the rules of evidence and that the legislature has no authority to change those rules. Appellee argued that evidence must come in under a specific rule of evidence, not a statute. While this is generally true, the supreme court has made exceptions. *See, e.g., Lovell v. Beavers*, 336 Ark. 551, 987 S.W.2d 660 (1999) (holding that the Hospital Records Act, Ark. Code Ann. § 16-46-306, is such an exception). Moreover, although the supreme court has not specifically stated that Ark. Code Ann. § 16-46-108 was an authorized hearsay exception, in deciding a case regarding whether the trial court had properly calculated the fourteen-day period in Ark. Code Ann. § 16-46-108(a)(1) for filing the affidavit with the clerk, the court impliedly held that the statute was a valid hearsay exception. *Phelan v. Discover Bank*, 361 Ark. 138, 205 S.W.3d 145 (2005).

We now turn to the requirements of Ark. Code Ann. § 16-46-108. The statute first requires the party attempting to introduce the affidavit to file the affidavit and attached records with the clerk of the court "at least fourteen (14) days prior to the

day upon which the trial" commences. Ark. Code Ann. § 16-46-108(a)(1). In this case, the file stamp on the affidavit was dated April 2, 2007, and the trial was held on September 5, 2007. Thus, it appears appellant met this requirement. The statute also requires the party filing the affidavit to provide "prompt notice" to the other parties. *Id.* Appellee made no argument that she did not receive prompt notice of the affidavit. Rather, appellee's objection and the court's ruling on the objection were based on the fact that the keeper of the accounts was not available to testify and therefore that the affidavit and attached documents were hearsay.

We hold that Ark. Code Ann. § 16-46-108 is a valid hearsay exception, that appellant met the requirements for this exception, and, thus, that the circuit court abused its discretion in sustaining appellee's objection and excluding the evidence. We reverse the circuit court's order dismissing the case and remand for further proceedings consistent with this opinion.

Reversed and remanded.

GLOVER and BAKER, JJ., agree.